IN RE EDWARD A. APPLEGATE
(EXPUNGEMENT).

Superior Court of New Jersey
Appellate Division

Argued January 3, 1979—Decided January 24, 1979.

Before Judges ARD and ANTELL.

*Mr. Edward A. Applegate,* appellant, argued the cause *pro se.*

*Mr. Stephen H. Monson,* Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General, attorney for respondent; *Mr. Edwin H. Stern* and *Stephen H. Monson,* Deputy Attorneys General, as counsel and on the brief).

The opinion of the court was delivered by

ARD, J. A. D. Appellant, Edward A. Applegate, appeals the denial of his petition for expungement made pursuant to *N. J. S. A.* 2A:85–15 *et seq.* The sole issue on appeal is whether the provisions of *N. J. S. A.* 2A:85–15 *et seq.* permit the trial judge, in the exercise of his discretion, to deny an expungement petition even in the absence of law enforcement objection.

Complaints of assault and battery and larceny were filed against appellant. The complaints were subsequently withdrawn, and an order of dismissal was entered. Thereafter, appellant filed for expungement pursuant to the aforementioned statute. A hearing was ordered. Objections filed by the Attorney General and the Essex County Prosecutor were withdrawn.

Thereafter, an expungement hearing was held, and after holding the matter under advisement to allow appellant to file a brief on the matter, the trial judge denied the petition in a letter opinion.

In his opinion, the trial judge stated in pertinent part:

This court is attempting to preserve the record in the event a a further expungement petition by this petitioner is filed in the future. Assuming that petitioner is able to expunge all records subsequent to his 1972 criminal conviction, he would *prima facie* be eligible to have that conviction expunged in 1982. The judge hearing that petition would be completely unaware of the preceding expungements which had taken place. It is just this concern which caused

the court in *State v. Petti*, 142 *N. J. Super.* 283, 287 (App. Div. 1976) to state:

> "Absent a specific statutory directive, a construction of *N. J. S. A.* 2A:164–28 which would blindfold the trial judge to petitioner's conduct which has a bearing on the purposes for which the statute was enacted would be violative of the legislative intent."

The record of this arrest should be retained until such time as petitioner is entitled to expunge the balance of his record as indicated in *Petti*.

Thereafter, a rehearing was held at which time the trial judge again denied the petition. This appeal followed. *N. J. S. A.* 2A:85–15 provides:

> Any person who has been arrested for a violation of a municipal ordinance, the disorderly persons law, a misdemeanor or a high misdemeanor under the laws of New Jersey and against whom proceedings were dismissed, or who was discharged without a conviction, or who was acquitted, may at any time following the dismissal or proceedings, or the discharge without a conviction, or the acquittal, present a duly verified petition to the court in which the judgment of acquittal, discharge or dismissal was entered, or, if there were no court proceedings, to the court in whose jurisdiction the arrest occurred, setting forth all the facts in the matter and praying for the relief provided by this act.

In addition, *N. J. S. A.* 2A:85–17(a) states:

> a. At the time appointed for the hearing, if there is no objection from those law enforcement agencies notified of the hearing, and no reason appears to the contrary, the court may grant an order directing the clerk of the court and the parties upon whom notice was served to expunge from their records all evidence of said arrest including evidence of detention related thereto, and specifying those records to be expunged.

Appellant interprets the aforementioned statutes to require expungement unless there is an objection from certain law enforcement agencies. He urges as support for this argument the holding in *State v. Davies*, 129 *N. J. Super.* 1 (Cty. Ct. 1974). He is incorrect. Although at first blush the case may seem to stand for the principle appellant asserts,

in actuality all the court held was that where there was no objection, the trial court cannot rely on the "grounds for denial" section (*N. J. S. A.* 2A:85–20) when refusing to grant the application. We are not passing on the conclusions reached in *Davies;* suffice it to say, it is factually distinguishable from this case.

If we were to adopt appellant's contention, we would be placed in the awkward position of flying in the face of the specific statutory language found in *N. J. S. A.* 2A:85–17(a) which states that if there is no objection from the agencies *"and no reason appears to the contrary,* the court *may"* grant the application for expungement. (Emphasis supplied). In our judgment, the statute meant to give the court discretion over the entire matter. As noted in Comment, "Expungement and Sealing of Arrest and Conviction Records: The New Jersey Response," 5 *Seton Hall L. Rev.* 864, 890–891 (1974):

* * * The Act [*N. J. S. A.* 2A:85–15 *et seq.*], however recognizes no presumption in favor of an arrestee's right to a remedy, and *vests in the court sole discretion in granting relief.*
* * * * * * * *
The court may issue an order to expunge all records including evidence of related detention if there is no objection from law enforcement agencies *and if no contrary reason appears otherwise.* * * * [Emphasis supplied]

The statutes require the trial judge to exercise his sound discretion in determining an application for expungement. See *State v. Petti,* 142 *N. J. Super.* 283 (App. Div. 1976). The trial judge's discretion, expertise and experience was meant to play an important part in the expungement proceeding.

In the instant case, we are satisfied that the record fully supports the discretion exercised by the trial judge in denying the petition, notwithstanding the withdrawal of the objections by the Attorney General and the Essex County Prosecutor.

, Affirmed.