STATE OF NEW JERSEY, RESPONDENT-APPELLANT, v.
LEO ITALIANO, MOVANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 7, 1975—Decided January 16, 1975.

(1)

2

Before Judges CARTON, CRANE and KOLE.

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent-appellant *(Mr. Robert W. Gluck,* Deputy Attorney General, of counsel and on the brief).

No brief was submitted on behalf of movant-respondent.

The opinion of the court was delivered by

KOLE, J. A. D. The State appeals from an order of January 24, 1974, entered by the trial court, expunging the records of convictions of Leo Italiano (hereafter referred to as "defendant") for possession of lottery slips and bookmaking.[*]

In 1960 defendant was convicted in this State of charges of possession of lottery slips (now *N. J. S. A.* 2A:121–3) and bookmaking *(N. J. S. A.* 2A:112–3). The convictions resulted in suspended sentences of one to two years and two to three years, respectively, to State Prison on the convictions for possession and bookmaking. In addition, there were

---

[*]The State indicates that both convictions arose out of one criminal transaction. Thus, we need not be concerned with the situation where one offense was committed subsequent in time to the other. See *State. v. Chelson,* 104 *N. J. Super.* 508 (Cty. Ct. 1969). Under these circumstances the State does not and cannot object to the expungement of the record of the possession conviction.

imposed fines of $1,000 for the possession charge and $5,000 for bookmaking.

Defendant petitioned the court pursuant to *N. J. S. A.* 2A:164–28 which permits expungement of conviction records under specified conditions. Defendant satisfies all of the conditions except with respect to the bookmaking conviction. Under the statute convictions for specified crimes, such as kidnapping, perjury, treason, robbery or burglary, may not be expunged. Bookmaking is not a crime so explicitly excluded from statutory relief.

However, by its terms the statute only applies to "cases wherein a criminal conviction has been entered against any person whereon sentence was suspended, *or a fine imposed of not more than $1,000.*" [Emphasis supplied]. The language is clear. The court may not change it by endeavoring to effect what it conceives to be a fair result through the process of interpreting an unambiguous provision.

█ The court below mistakenly construed the statute as intending to permit all misdemeanor conviction records to be expunged. It reasoned that since the maximum fine for a misdemeanor is $1,000, *N. J. S. A.* 2A:85–7, the legislative use of the $1,000 fine limitation in the expungement statute evidenced an intent that it apply to all misdemeanors. This, together with the statute's orientation toward rehabilitation, persuaded the court to grant the petition with respect to the record of the bookmaking conviction.

█ One of the criteria for relief under the act is the sentence involved. If the court imposed a fine in excess of $1,000, there is a plain legislative determination that the rehabilitative prospects of the offender is such that he should not be granted the privilege of having that conviction record expunged. Bookmaking has been designated by the Legislature as a crime carrying a maximum fine of $5,000, or imprisonment of five years, or both. It is obviously viewed as more serious than a misdemeanor which carries a maximum penalty of a $1,000 fine and 3 years imprisonment, or both.

 Where the line should be drawn with respect to the fine limitation for expungement purposes is a matter of legislative policy in the sensitive area of law enforcement which the court should not disturb. We cannot say that the demarcation so made in the statute is unreasonable. See *In re Application of Raynor*, 123 *N. J. Super.* 526 (App. Div. 1973).

Accordingly, the order of January 24, 1974 is reversed to the extent that it expunges the record of defendant's conviction for bookmaking. It is affirmed with respect to the expungement of the record of his conviction for possession of lottery slips or "number slips."