136 N.J. Super. 188 (1975)
345 A.2d 351
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM J. MORAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 9, 1975.
Decided September 23, 1975.
*190 Before Judges HALPERN, CRANE and MICHELS.
Mr. Ronald W. Sage, attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Mart Vaarsi, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Following a plea bargain defendant pled guilty to a three-count indictment which charged (1) assault and battery upon a police officer, in violation of N.J.S.A. 2A:90-4, (2) atrocious assault and battery upon the same police officer at the same time and place, in violation of N.J.S.A. 2A:90-1, and (3) larceny of a pistol from the same officer, in violation of N.J.S.A. 2A:119-1. The three asserted offenses arose at the same time and place, and were part of one episode as will hereinafter appear.
He was sentenced to State Prison on counts one and two to serve concurrent five to seven-year terms, and he was given a concurrent two to three-year term on count three. Following the appeal he applied by motion to the trial judge for a reduction of his sentences and for permission to withdraw his guilty pleas. The motion was denied. This appeal is only from the denial of his motion for reduction of sentence. We deem it advisable not to consider the State's contention that the trial judge was without jurisdiction to hear the motion for reduction of sentence because such was not appealable. Rather, we prefer to consider the appeal *191 as one which contends the sentence was manifestly excessive and should be reduced.
The undisputed facts, briefly stated, are that on May 21, 1974, at about 4 p.m., defendant lured police officer Arthur Mangan into a wooded area on a contrived story that he had found a bag containing bloody clothes. He struck Mangan on the head with a pipe, took his pistol and ran away. Defendant was then a 25-year-old gainfully employed college graduate. He explained his actions by saying he had recently split up with his girl friend and that he wanted a gun to commit suicide. Admittedly, he has no prior criminal record of any sort. Defendant's father surrendered the stolen gun and defendant to the police that same night. Except for occasional headaches, Mangan has made an uneventful recovery.
The thrust of defendant's appeal is that we modify his sentences and direct that he be incarcerated in Yardville for consecutive indeterminate terms where he could receive better treatment for his alleged mental ailments.
Although neither party has raised the issue of appropriateness of the convictions on counts one and two, we have considered the question sua sponte and have concluded that defendant is entitled to relief. Unquestionably, the assault and battery upon Mangan, who was in uniform and on duty at the time, was a violation of N.J.S.A. 2A:90-4. So too, the atrocious assault and battery upon Mangan was a violation of N.J.S.A. 2A:90-1. Both offenses are high misdemeanors. The proofs necessary to convict for each offense differ, one is not a lesser included offense of the other, they are not inconsistent nor does one merge with the other. We also realize that one specific act may violate more than one statute. State v. Blount, 60 N.J. 23, 31 (1972).
Yet it is essential for us to construe N.J.S.A. 2A: 90-1 and N.J.S.A. 2A:90-4 to determine whether the Legislature intended that the one act give rise to two separate crimes permitting punishment for both. See State v. *192 Gledhill, 67 N.J. 565 (1975). We are unable to ascribe such intent to the Legislature. It seems clear that all the Legislature intended by N.J.S.A. 2A:90-4 was to make an unlawful "simple" assault and battery upon a police officer, in uniform and in performance of his duties, a high misdemeanor, in order to protect police officers. Thus, a person guilty of simple assault and battery upon a private citizen would be guilty of a high misdemeanor if the same act were committed upon a police officer. N.J.S.A. 2A: 90-4 relieves the State of the obligation of proving that an "atrocious" assault and battery had been committed, as would have been required under N.J.S.A. 2A:90-1. Obviously, an "atrocious" assault and battery upon a police officer, in uniform and in the performance of his duties, comes within the proscription of N.J.S.A. 2A:90-1 and, therefore, no sound reason appears for holding that the Legislature intended a defendant to be responsible for and punished for two high misdemeanors under such circumstances. Such construction is inapposite to the recent holdings in State v. Davis, 68 N.J. 69 (1975); State v. Jester, 68 N.J. 87 (1975); State v. Ruiz and State v. Williams, 68 N.J. 54 (1975). The "rule of lenity" which has been often applied in construing legislation should be utilized to prevent multiple convictions where none was intended. See Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1958); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); State v. Tillem, 127 N.J. Super. 421, 429-430 (App. Div. 1974), certif. den. 65 N.J. 557 (1974).
Therefore, a specific act, as we have here, arising as it does out of a single assault, violates two statutes. The prosecutor in the exercise of his sound discretion should normally elect upon which one to prosecute. See State v. Gledhill, supra. Such election, of course, may be made by the prosecutor any time prior to the trial judge's charge, or the court may charge on both offenses and the jury could *193 convict on both, but a sentence may be imposed only on one of the offenses. State v. Begyn, 34 N.J. 35, 56 (1961).
We turn to the problem of the alleged excessive sentence which is not easy of solution. The facts surrounding the reason for committing the crimes, the nature of the crimes, defendant's apparent mental state and his past good record warrant serious favorable consideration. We find no abuse of discretion in the trial judge's imposition of State Prison sentences totalling five to seven years because of the nature of the offenses and the deterrent effect he hoped the sentences would accomplish. The Attorney General commendably suggests that "in view of the unusual circumstances of this case, the State would not oppose a recommendation that defendant be evaluated for transfer to a youth correctional institution * * *." We are in complete accord with his suggestion.
Therefore, we reverse the conviction on count two of the indictment and set aside the sentence imposed thereon. We affirm the convictions on counts one and three, as well as the sentences imposed thereon. In addition, we strongly recommend to the Commissioner of Institutions and Agencies, or his duly designated agents, to evaluate defendant's present status to determine whether it would be appropriate for the best interests of defendant and the public that defendant be institutionally transferred to a youth correction center. See N.J.S.A. 30:4-85, N.J.S.A. 30:4-91.1 et seq.; In re D.D., 118 N.J. Super. 1, 6-8 (App. Div. 1971).
As modified, the judgment below is affirmed.