STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RONALD VALENTINE, DEFENDANT-APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF-CROSS-APPELLANT, v. RONALD VALENTINE, DEFENDANT-CROSS-RESPONDENT.

Decided February 4, 1976.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for defendant-appellant and defendant-cross-respondent (*Mr. Edward P. Hannigan,* Deputy Public Defender II, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for plaintiff-respondent and plaintiff-cross-appellant (*Mr. Lowell Espey,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. Defendant was found guilty after jury trial on all counts contained in seven separate indictments returned by a Monmouth County Grand Jury. Our attention centers on the charges set forth in two of those indictments and particularly on the problem of whether there should be merger of the convictions obtained thereon.

Indictment No. 1039–71 alleged in one count that on November 8, 1971, defendant possessed heroin with intent to

distribute it, and in a second count that on the same date defendant did distribute heroin to one Robert McCue, both in violation of *N. J. S. A.* 24:21–19(a)(1). A separate indictment, No. 1100–71, charged in the first count that on November 23, 1971, defendant possessed heroin with intent to distribute the same; and, in the second count, that on the same date, and offensive to the provisions of *N. J. S. A.* 2A:85–14, he aided and abetted one Bobby Sheard in the distribution of heroin to the same Robert McCue as is mentioned in the previous indictment.

The Appellate Division, in unreported opinions which resolved a number of issues in addition to the merger question, affirmed the judgments of conviction on the possession-with-intent-to-distribute-and-distribution case, holding there was no merger of those offenses; but in the second case that court vacated the conviction for possession with intent to distribute and the sentence imposed thereon, reasoning that that offense merged with the conviction for aiding and abetting in the distribution of heroin. Both the defendant's petition for certification in No. 1039–71 and the State's cross-petition for certification in No. 1100–71 were granted, 65 *N. J.* 578 (1974), limited however to the merger issues. We consolidated the appeals on motion of the defendant.

While these consolidated appeals were pending, the Court heard oral argument in a trilogy of cases posing issues closely related to those now before us, *State v. Ruiz,* 68 *N. J.* 54 (1975) ; *State v. Davis,* 68 *N. J.* 69 (1975) ; and *State v. Jester,* 68 *N. J.* 87 (1975). Counsel herein, recognizing the identity of questions presented here with those in the previously argued cases, therefore sought waiver of oral argument in these appeals, which we granted.

I

To support the charges in Indictment No. 1039–71, possession with intent to distribute and distribution of a controlled dangerous substance, the State relied essentially upon

testimony of Trooper Robert McCue, an undercover agent for the Narcotics Bureau of the New Jersey State Police. On November 8, 1971, while in Red Bank, McCue met the defendant whom he had encountered previously, and their conversation turned to drugs. After some preliminary discussion McCue agreed to purchase "one dime" (a $10 bag of heroin). Valentine "took out several glassine bags which were wrapped with a rubber band and pulled one of the bags out of the stack and handed it" to McCue, who paid defendant with a $10 bill. McCue then returned to the State Police Barracks where the evidence was marked, subsequently analyzed, and determined to be heroin. At trial the defendant denied ever having seen McCue before and denied the possession or sale of any heroin. The jury returned a verdict of guilty on each count. Defendant was sentenced to two concurrent terms of 5 to 7 years to run consecutively to those imposed under another indictment.

At the trial on Indictment No. 1100–71, charging defendant in separate counts with possession with intent to distribute a controlled dangerous substance and aiding and abetting in the distribution of a controlled dangerous substance, Trooper McCue was again the principal witness. He testified that on November 23, 1971 he met with one Bobby Sheard in the Trooper's undercover automobile. Sheard stated that he could get "dimes" for McCue, who requested one bag.

At this point a white Cadillac driven by defendant pulled up alongside of McCue's car. In compliance with Sheard's request McCue gave him a $10 bill, whereupon Sheard alighted from McCue's car, made his way to the passenger side of the Cadillac and reached through the window into that car. Defendant handed something to Sheard who in turn immediately handed one glassine bag to McCue. Sheard then entered the Cadillac and he and the defendant drove off together. The substance in the glassine bag was later determined to be heroin. Defendant denied any participation in this transaction as did Sheard, even though the

latter had previously pleaded guilty to the charge of distribution to McCue on this very occasion.

The jury returned a verdict of guilty on each count and defendant was sentenced to two concurrent terms of 5 to 7 years to run consecutively to the other sentences already imposed.

## II

The Appellate Division opinions were handed down prior to our determinations in the *Ruiz-Davis-Jester* trilogy. In both of the cases before us the Appellate Division used as its touchstone whether the same packet of heroin was the sole subject matter of each of the counts. We specifically rejected the determinative effect of that fact in *State v. Davis, supra,* 68 *N. J.* at 82–83. That case set a two-pronged test for merger cases: first, it must be ascertained whether the legislature has in fact undertaken to create separate offenses; and, if so, it must then be determined whether those separate offenses have been established under the proofs.

## A

In *State v. Ruiz, supra,* we observed that possession with intent to distribute and distribution are "demonstrably distinguishable criminal offenses," 68 *N. J.* at 58. The first concerns "the transportation and placement of certain drug substances in the stream of illegal commerce," while distribution looks to "the final step in drug trafficking — transfer to someone else." *Id.* On the analysis employed in *State v. Davis, supra,* 68 *N. J.* at 77–80, we concluded that the legislature had intended to make these separate and distinct offenses.

However, we have not had occasion heretofore to scrutinize the relationship of possession with intent to distribute and aiding and abetting in the actual distribution. The same considerations which led to our conclusion regarding the separability of possession with intent to distribute and distribu-

tion are brought to bear on our examination of these offenses. First, the comprehensive legislative effort to combat drug traffic bespeaks an intention to make "each of certain specified components of a transaction or episode leading to and including the distribution of a controlled dangerous substance to be a distinct and separate offense." *State v. Davis, supra,* 68 *N. J.* at 78. Moreover, the core of conduct which each count of this indictment represents is distinct. Evidence of either offense does not prove, nor is it necessary for the proof of, the other. *Id.* at 83. As already noted, possession with intent to distribute involves the placement of the drug in the stream of illegal commerce. But aiding and abetting focuses on quite different conduct amounting to the providing of something useful or necessary for the commission of a crime *by another.* See *State v. Jacques,* 99 *N. J. Super.* 230 (App. Div.) aff'd., 52 *N. J.* 481 (1968), *cert.* den., 395 *U. S.* 985, 89 *S. Ct.* 2138, 23 *L. Ed.* 2d 774 (1969). For example, the mere driving of a vehicle which carries contraband to the site of a sale or the giving to a drug dealer the names of potential customers might be sufficient to support a charge of aiding and abetting. Thus, convictions on both counts are not legally inappropriate under the first prong of the *Davis* test.

## B

Having determined that the legislature has created separate offenses, we now proceed to examine whether the proofs demonstrate that separate offenses were in fact established. In *State v. Davis, supra,* we set out a list of considerations which should be taken account of in this level of analysis:

As a practical matter \* \* \* it may be helpful to employ a certain flexibility of approach to the inquiry of whether separate offenses have been established under the proofs, attended by considerations of "fairness and fulfillment of reasonable expectations in the light of constitutional and common law goals." *State v. Currie,* 41 *N. J.* 531, 539 (1964). Such an approach would entail analysis of the evidence in terms of, among other things, the time and place of each

purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed. [*Id.* at 81.]

In the application of these factors to the case in which this defendant was charged with possession with intent to distribute and distribution, we perceive immediately that the essential facts here mirror those in *State v. Jester, supra.* There, as here, defendant's possession of the heroin was inferentially for some substantial period of time prior to actual distribution. Jester's intention to distribute was gleaned from surrounding circumstances. So here Valentine, as did Jester, walked around with heroin on his person and readily negotiated for the sale of a part of his "goods" to McCue. The actual distribution was in both cases a separate and distinct act. Thus, there is no merger required of the separate counts in Indictment No. 1039–71.

An analysis of the evidence supporting Indictment No. 1100–71 likewise leads to the conclusion that separate offenses were established and the two counts of that indictment do not merge under the circumstances here presented. The possession-with-intent-to-distribute charge was established by proof of Valentine's actual possession of heroin in his automobile inferentially for some period prior to the actual distribution to Sheard, and his delivery of the one bag of heroin to Sheard. As to the aiding and abetting count, the plentitude of circumstances adduced here supplied more than sufficient basis for the jury's conclusion that Sheard's sale of heroin to McCue was accomplished through the intercessions of this defendant. Those circumstances are found in the defendant's stopping alongside McCue's car at precisely the right moment; the passing of money from Sheard to defendant in exchange for the bag of heroin; and the fact of Sheard and defendant driving off together immediately upon concluding the transaction. This series of events demonstrates the "separateness" of the aiding and

abetting offense from the charge of possession with intent to distribute, thus preventing their merger. See *State v. Jesler, supra,* n. 1, 68 *N. J.* at 91.

### III

In A–99, involving Indictment No. 1039–71, the judgment of the Appellate Division is affirmed.

In A–100 the judgment of the Appellate Division is reversed. The conviction on the first count of Indictment No. 1100–71 charging possession with intent to distribute heroin and the sentence imposed thereon are hereby reinstated.

PASHMAN, J. (dissenting). Ronald Valentine was charged in an indictment returned by a Monmouth County Grand Jury with possession of heroin with intent to distribute and distribution of heroin, both counts in violation of *N. J. S. A.* 24:21–19(a)(1). In a separate indictment, he was charged with possession of heroin with intent to distribute and aiding and abetting in the distribution of heroin, in contravention of *N. J. S. A.* 24:21–19(a)(1) and 2A:85–14, respectively. Defendant was convicted by a jury of all four of these offenses as well as other crimes not pertinent to this appeal.

The possession with intent to distribute and distribution charges arose from the same criminal event which occurred on November 8, 1971. On that date, one Robert McCue, an undercover agent for the Narcotics Bureau of the New Jersey State Police, was engaged in a conversation with defendant, during which the agent asked to purchase some heroin. Valentine responded by exhibiting several glassine bags of heroin and handing one of them to McCue in exchange for a $10 bill.

The second possession with intent to distribute and the aiding and abetting charges are likewise the product of a single, continuous criminal transaction which occurred on November 23, 1971. On that date Trooper McCue was talking with one Bobby Sheard in McCue's automobile when a

white Cadillac driven by defendant stopped alongside McCue's car. In response to a request from McCue for another bag of heroin, Sheard alighted from McCue's car, walked over to the passenger side of defendant's car, obtained a glassine bag of heroin from defendant and gave it to McCue. After the sale was consummated, Sheard entered the Cadillac and drove away with Valentine.

The Appellate Division, in a decision which resolved a number of issues, affirmed the separate judgments of conviction for possession with intent to distribute and distribution, but vacated the conviction for possession with intent to distribute arising from the November 23 incident, reasoning that this offense merged with the crime of aiding and abetting.

In today's decision, the majority, finding no merger under either indictment, affirms with regard to the offenses which occurred on November 8, 1971 and reverses with regard to the offenses which were committed two weeks thereafter. I respectfully differ with my Brothers and therefore must dissent from both judgments. The two indictments will be discussed in order.

I

The majority correctly observes that the facts surrounding the November 8 incident are essentially indistinguishable from those involved in *State v. Jester,* 68 *N. J.* 87 (1975). Therefore, as in *Jester,* I would find the two convictions in the instant case to be merged for the reasons set forth at length in my dissent in *State v. Ruiz,* 68 *N. J.* 54 (1975). In *State v. Davis,* 68 *N. J.* 69 (1975), the companion case to *Ruiz* and *Jester,* the majority found in *N. J. S. A.* 24: 21–19(a)(1) a legislative intent that whenever the proofs which support convictions for distribution and also for possession with intent to distribute arise from the same sale, the defendant may nevertheless be convicted and punished for both offenses. Contrary to the majority, I found no such intent, express or implied, in either the statutory lan-

guage or its legislative history. 68 *N. J.* at 62–64. It seems equally plausible to me that the Legislature intended *N. J. S. A.* 24:21–19(a)(1) to provide prosecutors with alternate grounds for convicting persons engaged in trafficking narcotics and did not intend the statute to impose upon persons convicted of distribution an automatic and additional sentence for possession. 68 *N. J.* at 65. Since the legislative intent is unclear in this regard, I conclude that, under the doctrine of strict construction of criminal statutes and the principle that one may not be punished twice for the same offense, the latter interpretation is to be preferred. As was stated long ago in *State v. Cooper,* 13 *N. J. L.* 361, 372 (Sup. Ct. 1833) : "If the whole offense, in the eye of reason and philosophy is one . . ., we ought not to presume that the legislature meant to punish it as two." See also *State v. Moran,* 136 *N. J. Super.* 188, 192 (App. Div. 1975) ; Note, "Twice in Jeopardy," 75 *Yale L. J.* 262, 321 (1965). Therefore, as to the November 8 indictment, I would reverse the judgment of the Appellate Division and find that the conviction for possession with intent to distribute merged into the conviction for distribution on the ground that the Legislature did not intend to punish a defendant twice for a single act which encompassed both distribution and possession with intent to distribute under separate clauses of the same statutory provision. *N. J. S. A.* 24:21–19.

II

With respect to the indictment for possession with intent to distribute and aiding and abetting in that distribution, I would again find a merger of offenses and would affirm the judgment of the Appellate Division.

Obviously, in the abstract, *N. J. S. A.* 24:21–19 and *N. J. S. A.* 2A:85–14 were intended to prohibit different types of conduct and hence to authorize separate punishment. However, I reject the majority's statement that "the same considerations which led to our conclusion regarding the separa-

bility of possession with intent to distribute and distribution are brought to bear on our examination of these offenses." *Ante,* at 209. The majority's conclusion that *N. J. S. A.* 24:21-19 authorizes separate punishment for possession with intent to distribute and distribution arising out of the same sale rests on the fact that this statute is "part and parcel of a comprehensive strategy to deal with the drug crisis." *State v. Davis, supra,* 68 *N. J.* at 78. Even if I were to accept the majority's finding of separability with respect to the first indictment (which I do not), I would not apply it here since *N. J. S. A.* 2A:85-14 is not "part and parcel" of this "comprehensive strategy," but rather is an entirely independent statute.

While I agree that a criminal defendant can be found guilty of both possession of a controlled dangerous substance and aiding and abetting in the distribution of that substance where the evidence shows that they are distinct offenses, the proofs in the instant case fail to demonstrate this degree of separability. As noted above, both convictions arose from the same criminal episode. In addition, the evidence supporting both convictions is identical. It was through his possession of the drug that defendant was found to have assisted Sheard in distributing the heroin. There is no evidence that he performed any other clearly separable act which could have supported a separate conviction for aiding and abetting. Finally, defendant's possession of the heroin was actually undertaken in preparation for his effort to aid and abet Sheard in making the sale.

Therefore, I would find that the possessory offense merges into the conviction of aiding and abetting and hence affirm the Appellate Division with respect to this indictment.

*For affirmance (Indictment No. 1039-71) and reversal (Indictment No. 1100-71)*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN and CLIFFORD and Judge CONFORD—5.

*For reversal (Indictment No. 1039–71) and affirmance (Indictment No. 1100–71)*—Justice PASHMAN—1.