171 N.J. Super. 53 (1979)
407 A.2d 1263
IN THE MATTER OF THE APPLICATION OF R FOR EXPUNGEMENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1979.
Decided October 25, 1979.
*55 Before Judges CRANE, MILMED and KING.
Mr. Bernard K. Freamon argued the cause for appellant (Rutgers Urban Legal Clinic, attorney).
Mr. Stephen H. Monson, Deputy Attorney General, argued the cause for respondent.
The opinion of the court was delivered by CRANE, P.J.A.D.
This is an appeal from an order of the Law Division denying a petition to have the record of a criminal conviction for attempted rape expunged pursuant to N.J.S.A. 2A:164-28.
Petitioner R was convicted in 1956 of atrocious assault and battery and breaking and entering. He received concurrent sentences to a reformatory and was paroled in 1957. In 1961 he was found guilty of attempted rape and sentenced to the state reformatory. Because of the attempted rape he was found to be in violation of his earlier parole. He was transferred to State Prison to serve out his sentences and was released in 1964. On April 6, 1978 he applied for expungement of the attempted rape conviction. A hearing was held, at which time objections were made by the Attorney General and the county prosecutor and a denial was entered by the Law Division judge.
*56 The sole basis for the decision was that the exceptions provision of N.J.S.A. 2A:164-28 precluded the expungement of a conviction for attempted rape. The language relied on provides as follows:
... excepting convictions involving the following crimes: treason, misprision of treason, anarchy, all homicides other than death by driving a vehicle under N.J.S. 2A:113-9, assault on a head of state, as defined in N.J.S. 2A:148-6, kidnapping, rape, arson or robbery.... [Emphasis supplied]
The judge who heard the petition interpreted the phrase "excepting convictions involving the following crimes" to include convictions for attempts of the enumerated crimes and thus reasoned an attempted rape was precluded. We disagree. The plain meaning of the provision is to except only those crimes listed. We do not construe the exceptions provision as applying to lesser crimes containing some, but not all, of the criminal elements of the specified crimes, such as attempts, conspiracies and assaults with intent to commit the crimes. There is no legislative history evidencing a contrary intent. State v. Blinsinger, 114 N.J. Super. 318, 321-322 (App.Div. 1971). See State v. Italino, 132 N.J. Super. 1, 3 (App.Div. 1975); Note, "Expungement and sealing of arrest and conviction records: the New Jersey response," 5 Seton Hall L.Rev. 864, 888 (1974).
An attempted rape is an act done with intent to commit the crime beyond mere preparation, but falling short of its actual commission. State v. Bono, 128 N.J. Super. 254, 259 (App.Div. 1974), certif. den. 65 N.J. 572 (1974); State v. Still, 112 N.J. Super. 368, 370 (App.Div. 1970), certif. den. 57 N.J. 600 (1971). It also requires a lesser degree of proximity to completion of the rape than assault with intent to rape, of which R was found not guilty in this case. State v. Still, above at 370-372. It was error to deny expungement on the basis that this was a conviction involving rape.
*57 Although not reached by the determination below, the State objects that R is not eligible for any expungement because he is a multiple offender. In pertinent part the statute states:
In all cases wherein a criminal conviction has been entered against any person, and no subsequent conviction has been entered against such person, it shall be lawful after the lapse of 10 years from the date of such conviction or 10 years after the date such person completed his term of imprisonment or was released from parole, whichever is later, for the person so convicted to present a duly verified petition to the court wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this section.
Thus, the statute provides that a single conviction can be expunged if the person has lived an exemplary life thereafter for at least ten years. In the case of a multiple offender, his last conviction may be eligible for expungement. But such expungement cannot be used to erase his record of previous convictions. The intent of the Legislature was not to permit a multiple offender to expunge the records of all his convictions by starting with the last and working backwards, arguing each time that his latter convictions never occurred because they are expunged. State v. D'Angerio, 124 N.J. Super. 240 (Law Div. 1973); State v. Chelson, 104 N.J. Super. 508, 509-510 (Cty.Ct. 1969). See In re Applegate, 165 N.J. Super. 417 (App.Div. 1979).
The order denying the petition is reversed. The cause is remanded to the Law Division to determine whether an expungement for the conviction of attempted rape is warranted.