179 N.J. Super. 27 (1981)
430 A.2d 246
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TYRONE THOMPSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 7, 1981.
Decided April 30, 1981.
*28 Before Judges BOTTER and KING.
Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Lawrence Y. Bitterman, Assistant Deputy Public Defender, of counsel and on the brief).
James R. Zazzali, Attorney General of New Jersey, attorney for respondent (Wayne J. Martorelli, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KING, J.A.D.
Defendant was convicted of a violation of N.J.S.A. 2A:138-1, carnal abuse, and was sentenced to an indeterminate term at the reformatory complex, not to exceed seven years. On this appeal defendant contends: (1) N.J.S.A. 2A:138-1 is unconstitutional because it creates an impermissible gender classification, in violation of the Equal Protection Clause of the Federal Constitution; (2) the trial judge erred in permitting the testimony of two police officers, Challice and Cornetta, and (3) his sentence was manifestly excessive.
Defendant was 25 years of age at the time of the offense; his victim was an 11-year-old girl. The statute provides for punishment by sentence up to 30 years for "any person who" unlawfully *29 and carnally abuses a woman-child under the age of 12 years with or without consent. Defendant contends that the statute violates the Equal Protection Clause because the penal sanction is not similarly extended to females who offend against young males. The point was extensively considered at the trial level in Judge Joelson's written opinion in which he ruled against defendant's motion to dismiss the indictment. The carnal abuse statute, though gender differentiating, serves a valid legislative purpose through a reasonable classification. We affirm, 162 N.J. Super. 302, the judgment of conviction on this point for the reasons stated in Judge Joelson's opinion below and for the reasons expressed in the plurality opinion of Justice Rehnquist and the concurring opinion of Justice Blackmun in Michael M. v. Superior Court of Sonoma County, ___ U.S. ___, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), recently upholding a similar California statute challenged under the Equal Protection Clause.
Defendant's remaining two contentions are clearly without merit. R. 2:11-3(e)(2).
Affirmed.