188 N.J. Super. 533 (1982)
457 A.2d 1237
STATE OF NEW JERSEY, PLAINTIFF,
v.
RAYMOND M., DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
Decided August 6, 1982.
Gerard F. Smith, for petitioner (Garry Lesser, attorney).
Helen Godby, Assistant Prosecutor, for the State (John DeCicco, Acting Morris County Prosecutor, attorney).
MacKENZIE, J.S.C.
This petition for expungement of two related pre-Code convictions for incestuous conduct is brought under the authority of the New Jersey Code of Criminal Justice (Code), N.J.S.A. 2C:52-1 et seq.
*534 The facts are simple and uncontroverted. On November 1, 1957 petitioner pleaded non vult to two Morris County indictments, each of which charged a violation of N.J.S.A. 2A:114-2[1]. He was sentenced to serve not less than one nor more than two years in State Prison on each indictment, with the sentences to run concurrently. The custodial sentences were immediately suspended and he was placed on probation for two years, subject to the standard conditions and with the special condition of receiving psychiatric treatment. On January 19, 1960 he was discharged from probation as improved, having complied with all the conditions of his probationary sentence.
Petitioner is now 54 years old. He has never been granted expungement, sealing or similar relief regarding a criminal conviction. There are no charges pending now, nor has defendant had any involvement with the criminal justice system in any fashion at any time, either before or after the two 1957 convictions.
Expungement for pre-Code offenses is governed by the Code. N.J.S.A. 2C:52-25 specifically provides that the Code expungement chapter applies to convictions which occurred prior to September 1, 1979. Thus, petitioner's eligibility for expungement must be tested by reference to the applicable sections of N.J.S.A. 2C:52-1 et seq.
The State contends that expungement cannot be granted on these facts. Its objection is based upon the second unnumbered paragraph of N.J.S.A. 2C:52-2 b, which precludes expungement *535 of certain designated Code offenses. N.J.S.A. 2C:52-2 b provides in its entirety as follows:
Records of conviction pursuant to statutes repealed by this Code for the crimes of murder, manslaughter, treason, anarchy, kidnapping, rape, forcible sodomy, arson, perjury, false swearing, robbery, embracery, or a conspiracy or any attempt to commit any of the foregoing, or aiding, assisting or concealing persons accused of the foregoing crimes, shall not be expunged.
Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement: Section 2C:11-1 et seq. (Criminal Homicide), except death by auto as specified in section 2C:11-5; section 2C:13-1 (Kidnapping); sections 2C:14-2 (Aggravated Sexual Assault); section 2C:15-1; (Robbery); section 2C:17-1 (Arson and Related Offenses); section 2C:28-1 (Perjury); section 2C:28-2 (Perjury; section 2C:28-2 (False Swearing) and conspiracies or attempts to commit such crimes.
Since a conviction for aggravated sexual assault cannot be expunged, the State's position is that neither should a pre-Code conviction of the congruent offense of incestuous conduct.
Petitioner contends that he may be denied expungement only if his convictions were for one of the pre-Code crimes which are collected in the first unnumbered paragraph of N.J.S.A. 2C:52-2 b. For the reasons hereafter stated, I find that the first, not the second, unnumbered paragraph of N.J.S.A. 2C:52-2 b controls.
The Legislature has specified those pre-Code crimes ineligible for expungement. Of course, all of these pre-Code offenses have been repealed by another section of the Code. N.J.S.A. 2C:98-2. Incestuous conduct is not one of these pre-Code offenses which are offenses for which expungement is barred. Thus, incestuous conduct is one of the offenses which is repealed by the Code, but it is not one of the crimes expressly excluded from expungement by the Code.
A plain reading of the statute would lead one to the conclusion that the Legislature, by its exclusion of incestuous conduct from the list of pre-Code crimes for which expungement is unavailable, intended to permit expungement for this offense. The maxim of statutory construction that the expression of one thing in a criminal statute implies the exclusion of others also supports this conclusion. Thus, the Code expungement statute *536 which lists several exceptions should be construed as impliedly excluding any other exception.[2]
This construction is also consistent with the prior law of expungement. Incestuous conduct was not expressly excepted from the previous criminal expungement statute. See N.J.S.A. 2A:164-28.[3] Prior to September 1, 1979 defendant could have had these convictions expunged.
Finally, an internal rule of Code construction is that "(t)he provisions of the code not inconsistent with those of prior laws shall be construed as a continuation of such laws." N.J.S.A. 2C:1-1 e. Since the pre-Code law obviously distinguished between incest and rape, continuity will result if expungement for incestuous conduct is allowed. There is no basis for concluding that the Legislature did not intend continuity in this respect.
Granted that each pre-Code crime enumerated in N.J.S.A. 2C:52-2 b. correlates generally to a particular Code offense. In the "Disposition Table" found on page IX of the Code volumes, the source section for N.J.S.A. 2C:14-2 (aggravated sexual assault) is listed as N.J.S.A. 2A:114-2 (incestuous conduct). This Table does not have significance in questions of statutory construction because it is not a product of the Legislature. It is merely informative reference material. This "Dispositional Table" does not demonstrate a legislative intent, for expungement purposes, to compare pre-Code offenses with Code crimes. Expungement *537 of pre-Code offenses only requires an examination of the first, unlettered paragraph of N.J.S.A. 2C:52-2 b. Thus, the congruent offense argument, as presented by the State, is without merit.
Even if the congruent offense argument were valid, the facts of this case render it inapplicable. The incestuous conduct of which defendant was accused, according to the indictments, was an act of indecency tending to debauch the morals of his two daughters. He was not charged with "incest, fornication or adultery" with his children, any one of which acts might equate with the Code offense of aggravated sexual assault. Defendant was not accused of committing an act of "sexual penetration," which is a necessary element of aggravated sexual assault as defined in N.J.S.A. 2C:14-2. Hence, defendant was convicted in 1957 of incestuous conduct for which the contemporary equivalent is not aggravated sexual assault.[4]
While defendant is entitled to expungement under the Code, this relief is not nearly as broad as had been provided to criminal offenders before enactment of the Code. Pre-Code expungement, while not quite the equivalent of destruction of records, provided for the inaccessibility of records of a conviction. N.J.S.A. 2A:164-28. These records could not be released, except to prevent a multiple offender from expunging all of his convictions by starting with the last and working backwards. In re Application of R., 171 N.J. Super. 53, 57 (App.Div. 1979); In re Fortenbach, 119 N.J. Super. 124, 130 (Cty.Ct. 1972). A similar type of expungement was also available to first-time drug offenders under N.J.S.A. 24:21-28 and to persons convicted of disorderly persons offenses by virtue of N.J.S.A. 2A:169-11.
*538 Code expungement, as defined in N.J.S.A. 2C:52-1 a, means the records are isolated but remain quite accessible and retrievable. The present statute provides:
Except as otherwise provided in this chapter, expungement shall mean the extraction and isolation of all records within the court, detention or correctional facility, law enforcement or criminal justice agency concerning a person's detection, apprehension, arrest, detention, trial or disposition of all offenses within the criminal justice system. [N.J.S.A. 2C:52-1 a]
Expungement today confers a considerably lesser benefit than previously resulted. Interested parties can obtain expunged records for many different reasons. Expunged records can be used for setting bail and for sentencing, N.J.S.A. 2C:52-21, or for considering a defendant's acceptance into a supervisory treatment or diversion program, N.J.S.A. 2C:52-20. Since a previous expungement is a basis for denial of expungement relief, N.J.S.A. 2C:52-14 e, the New Jersey State Police may examine records to assist a court in determining eligibility. N.J.S.A. 2C:52-17. Even in the absence of an objection, the court itself may probe into expunged records to ensure that a petitioner is not disqualified from receiving this relief. See N.J.S.A. 2C:52-12 as applied to N.J.S.A. 2C:52-14 e.
Expunged information may also be supplied to the Violent Crimes Compensation Board in connection with a filed claim. N.J.S.A. 2C:52-18. Other agencies or officials who may have access to expunged records are the Parole Board (N.J.S.A. 2C:52-22), the Department of Corrections (N.J.S.A. 2C:52-23) and the county prosecutors (N.J.S.A. 2C:52-24). Code expungement gives a successful petitioner even less than the limited protection against release of records that was permitting under sealing provisions of N.J.S.A. 2A:85-17(b) and N.J.S.A. 2A:85-18(b).[5] The Legislature is entitled to restrict the benefits of expungement.
Counsel for the petitioner will submit an order granting expungement.
NOTES
[1] N.J.S.A. 2A:114-2 provided:

A parent who commits incest, fornication, adultery or lewdness with, or an act of indecency towards, or tending to debauch the morals and manners of a child of such parent, or who makes any infamous proposal to a child of his own flesh and blood, with intent to commit adultery or fornication with the child, is guilty of a high misdemeanor, and shall be punished by a fine of not more than $1,000, or by imprisonment for not more than 15 years, or both.
This statute was repealed by L. 1978, c. 95, N.J.S.A. 2C:98-2, eff. September 1, 1979.
[2] The principle of expressio unius exclusi alterius is inapplicable where the listed exceptions were obviously not meant to be the only exceptions. 2A Statutes and Statutory Construction (4 ed. Sands 1973), § 47.23 at 123 (revising Sutherland, Statutory Construction, 3 ed). No such conclusion can be reached from either the language of the statute or the legislative history.
[3] This statute was also repealed by L. 1978, c. 95, N.J.S.A. 2C:98-2, eff. September 1, 1979. Before its repeal by the Criminal Code N.J.S.A. 2A:164-28 allowed for expungement of all crimes except treason, misprision of treason, anarchy, all homicides other than death by auto, assault on a head of state, kidnapping, rape, arson or robbery. Incestuous conduct was broadly defined in a chapter separate from rape. Compare N.J.S.A. 2A:114-1 et seq. to N.J.S.A. 2A:138-1 et seq.
[4] Although the court cannot be absolutely certain, more likely on these facts is that the congruent code offense would be criminal sexual contact as defined in N.J.S.A. 2C:14-3, or even lewdness as defined in N.J.S.A. 2C:14-4. A person who has been convicted of either crimes may also be eligible for expungement under N.J.S.A. 2C:52-2 b.
[5] The Arrest Expungement and Sealing Act, N.J.S.A. 2A:85-15 et seq., was also repealed by the Criminal Code, N.J.S.A. 2C:98-2.