678 A.2d 339

IN THE MATTER OF THE APPLICATION
OF R.C. FOR EXPUNGEMENT.

Superior Court of New Jersey
Law Division Criminal Part
Middlesex County

Decided March 11, 1996.

*Simon Louis Rosenbach,* Assistant Prosecutor (*Robert W. Gluck,* Middlesex County Prosecutor) representing the State of New Jersey.

*W. Richard Veitch,* Esq., representing the Defendant.

BERMAN, J.S.C.

This expungement application presents a novel issue: does *N.J.S.A.* 2C:52–2(c), which bars expungements of convictions for the sale or distribution of a controlled dangerous substance, also bar the expungement of a conviction for aiding and abetting the sale or distribution of a controlled dangerous substance?

## Facts

In 1983, the defendant pled guilty to aiding and abetting the distribution of LSD in violation of *N.J.S.A.* 2C:35–5 and 2C:2–6b(3). He was sentenced to three years probation and was fined. The defendant's probation period was ended prematurely pursuant to an order to terminate supervision signed September 11, 1985. The defendant has not been arrested since this incident.

On December 1, 1995, the defendant applied for an expungement of the aiding and abetting charge. The state has objected, arguing that *N.J.S.A.* 2C:52–2(c) bars the expungement. This Court reserved decision after hearing oral argument.

## Legal Arguments

The defendant argues that *N.J.S.A.* 2C:52–2(c) only bars expungements of convictions for the sale or distribution of a controlled dangerous substance. He asks the Court to read the expungement statute literally. The state argues that the spirit of *N.J.S.A.* 2C:52–2(c) mandates convictions for aiding and abetting the sale or distribution of a controlled dangerous substance be barred from expungement. The state emphasizes that this would be the equitable result as aiders and abettors are treated as principals in criminal law.

## Analysis

The expungement statute first provides:

In all cases, except as herein provided, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two occasions may ... present a duly verified petition ... praying that such conviction and all records and information pertaining thereto be expunged. *N.J.S.A.* 2C:52–2(a).

The statute continues by listing exceptions to this general rule. The pertinent exception in this case provides: "In the case of conviction for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell, expungement shall be denied except where the crimes relate to: (1) Marijuana, where the total quantity sold, distributed or possessed with intent to sell was 25 grams or less, or (2) Hashish, where the total quantity sold, distributed or possessed with intent to sell was five grams or less." *N.J.S.A.* 2C:52–2(c). There is no case law which addresses expunging aiding and abetting this crime. Thus, this Court must interpret the breadth of this exception to the expungement statute.

The Court's obligation is to enforce the legislative will as expressed by the clear language of the statute. *State v. H.J.B.*, 240 *N.J.Super.* 216, 220, 572 *A.*2d 1205 (Law Div.1990). Other courts, when interpreting the breadth of the expungement statute, have relied on a principle of statutory construction articulated by the Supreme Court. "When a statute is clear on its face, a court need not look beyond the statutory terms to determine legislative intent." *Matter of M.D.Z.*, 286 *N.J.Super.* 82, 85, 668 *A.*2d 423 (App.Div.1995) quoting *State v. Churchdale Leasing Inc.*, 115 *N.J.* 83, 101, 557 *A.*2d 277 (1989). In analyzing *N.J.S.A.* 2C:52–2(c), the Court recognizes that the statutory language is clear and that the only crime barred from expungement by this section is the actual sale or distribution.

Further, statutory construction of *N.J.S.A.* 2C:52–2 supports the conclusion that the Legislative intent, as expressed by the

clear language of this statute, was to only bar convictions for the sale or distribution of a controlled dangerous substance. The first paragraph of *N.J.S.A.* 2C:52-2(b) is a list of crimes barred from expungement. The paragraph concludes that attempts, conspiracies to commit, and aiding or abetting convictions for these crimes are also barred from expungement. The second paragraph of *N.J.S.A.* 2C:52-2(b) lists additional crimes which cannot be the basis of expungement. For these crimes, however, the plain language only prevents expungements of convictions for the crimes listed and convictions for conspiring or attempting to commit those crimes. *N.J.S.A.* 2C:52-2(c), which bars expunging convictions for the sale or distribution of a controlled dangerous substance, is silent as to convictions for attempts, conspiracies and aiding or abetting convictions.

Thus, a review of these sub-sections together indicates that the Legislature considered convictions for aiding and abetting as it expressly stated that they cannot be expunged for certain crimes. Thus, this Court concludes that the fact that the Legislature did not include aiding and abetting convictions in *N.J.S.A.* 2C:52-2(c) supports the conclusion that aiding and abetting the sale or distribution of a controlled dangerous substance can be expunged.

This Court also notes that aiding and abetting the sale or distribution of a controlled dangerous substance is a distinct offense from the sale or distribution of a controlled dangerous substance. "[T]he comprehensive legislative effort to combat drug traffic bespeaks an intention to make 'each of certain specified components of a transaction or episode leading to and including the distribution of a controlled dangerous substance to be a distinct and separate offense.'" *State v. Valentine*, 69 *N.J.* 205, 210, 351 *A.*2d 751 (1976). The *Valentine* case maintains that aiding and abetting is a distinct offense as it amounts "to the providing of something useful or necessary for the commission of a crime *by another.*" *Id.* Thus, as a literal reading of the statute directs the Court to except only the listed crimes, this Court will not interpret *N.J.S.A.* 2C:52-2(c) to include crimes merely related

to the sale or distribution of a controlled dangerous substance. See, e.g., *In Re Application of R,* 171 *N.J.Super.* 53, 56, 407 *A.*2d 1263 (App.Div.1979) (holding that attempted rape was not included in the exception for rape as the exception provision does not apply to "lesser crimes containing some, but not all of the criminal elements of the specified crimes. . . .").

Finally, other courts addressing petitions for expungement have made note of the defendant's lifestyle subsequent to the conviction he or she has petitioned to expunge. See *Application of V.S.,* 258 *N.J.Super.* 348, 355, 609 *A.*2d 530 (Law Div.1992) (stating that the petitioner "has conducted his life in a most exemplary and appropriate manner following the conviction"); *State v. H.J.B., supra,* 240 *N.J.Super.* at 219, 572 *A.*2d 1205 (recognizing that the expungement statute is designed to help people who have changed their lives). *N.J.S.A.* 2C:52–32 states that the purpose of the expungement statute is to provide "relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity." This defendant has not had any subsequent confrontations with the law. Thus, this petition is arguably the type of case *N.J.S.A.* 2C:52–32 was intended to address.

## Conclusion

In analyzing petitions for expungements, courts have noted that the expungement statute is full of anomalies. *State v. A.N.J.,* 98 *N.J.* 421, 427, 487 *A.*2d 324 (1985); *Application of V.S., supra,* 258 *N.J.Super.* at 351, 609 *A.*2d 530. However, even if allowing the defendant to expunge the aiding and abetting conviction seems anomalous when one considers that aiders and abettors are treated as principals, this Court cannot do anything other than point out the inequitable result to the Legislature. "[W]hatever inequity or even anomaly the trial judge may have perceived to exist [in granting an expungement] . . . such cannot be corrected or remedied by ignoring the peremptory command of the statute." *In re F.A.U.,* 190 *N.J.Super.* 245, 248, 463 *A.*2d 344 (App.Div.1983).

While aiding and abetting any underlying offense may be the functional equivalent to the offense itself for purposes of culpability and sentencing, the expungement statute has clearly made distinctions. Accordingly, defendant's petition for an expungement is granted.