747 A.2d 819

STATE OF NEW JERSEY, RESPONDENT, v. N.W., APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 5, 2000—Decided March 29, 2000.

Before Judges BAIME, BROCHIN and EICHEN.

*Giordano, Halleran & Ciesla,* attorneys for appellant (*Edward C. Bertucio, Jr.,* of counsel; *Michael R. Hobbie,* on the brief).

*John Kaye,* Monmouth County Prosecutor, attorney for respondent (*Paul J. Feldman,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

This is an appeal from an order of the Law Division denying N.W.'s (petitioner) petition to expunge the record of a criminal conviction entered on July 9, 1976 for "carnal abuse" under repealed statute *N.J.S.A.* 2A:138–1. The order was entered pur-

suant to *N.J.S.A.* 2C:52–1 to –32 (the expungement statute). Petitioner applied for expungement of the conviction under *N.J.S.A.* 2C:52–2b, arguing that because the Legislature did not include the crime of "carnal abuse" in the list of ineligible crimes in that section of the statute, its intent was to allow its expungement. The Law Division judge disagreed and denied his petition. We reverse.

The facts are simple and uncontroverted. On October 3, 1975, petitioner was charged on Indictment 64–75 with the following crimes: Count one charged that on January 8, 1975, petitioner "did forcibly against the will of S.W. ravish and carnally know her"; count two charged that petitioner "unlawfully and carnally abuse[d] S.W." Petitioner pleaded not guilty to both counts. On April 26, 1976, petitioner withdrew his not guilty plea to count two and entered a plea of guilty to carnal abuse.[1] Thereafter, the State dismissed count one. The judge sentenced petitioner to serve an indeterminate term at the Youth Correctional Institutional Complex, waiving "the five year maximum" sentence and imposing a "ten year maximum" sentence. The judge immediately suspended the sentence and placed petitioner on probation for a period of two years. Petitioner was twenty-two years old at the time the crime was committed. The victim was fifteen years old.

On September 29, 1998, petitioner filed a verified petition for expungement of his conviction for "carnal abuse."

*N.J.S.A.* 2C:52–2a sets forth the general rule governing expungement of crimes in this State as follows:

> In all cases, except as herein provided, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two

---

[1] Defense counsel represented that petitioner had admitted engaging in consensual intercourse with the victim. The crime of "carnal abuse," however, does not require penetration. *See Application of Faas*, 42 *N.J.Super.* 31, 35, 125 A.2d 724 (App.Div.1956), *cert. denied, sub nom. Faas v. State of New Jersey*, 353 *U.S.* 940, 77 *S.Ct.* 820, 1 *L.Ed.*2d 762 (1957).

occasions may after the expiration of a period of 10 years from the date of his conviction ... present a duly verified petition ... praying that such conviction and all records and information pertaining thereto be expunged.

[*N.J.S.A.* 2C:52–2a.]

*N.J.S.A.* 2C:52–2b contains exceptions to the general rule, listing the crimes which are not eligible for expungement. *See Application of R.C.,* 292 *N.J.Super.* 151, 153, 678 *A.*2d 339 (Law Div.1996). That section consists of two unnumbered paragraphs. The first paragraph contains a list of ineligible *pre-Code* crimes, while the second paragraph contains ineligible *Code*[2] offenses.

*N.J.S.A.* 2C:52–2b provides in relevant part as follows:

Records of conviction pursuant to statutes repealed by this Code for the crimes of murder, manslaughter, treason, anarchy, kidnapping, *rape,* forcible sodomy, arson, perjury, false swearing, robbery, embracery, or a conspiracy or an attempt to commit any of the foregoing, or aiding, assisting or concealing persons accused of the foregoing crimes, shall not be expunged.

Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement: ... [S]ection 2C:14–2 (Aggravated Sexual Assault); section 2C:14–3a (Aggravated Criminal Sexual Contact); if the victim is a minor, section 2C:14–3b (Criminal Sexual Contact); if the victim is a minor and the offender is not the parent of the victim, section 2C:13–2 (Criminal Restraint); ... section 2C:24–4a (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child); section 2C:24–4b(4) (Endangering the welfare of a child). ... (Emphasis added).

[*N.J.S.A.* 2C:52–2b.3]

As is clear from reviewing the foregoing, the only *pre-Code* sex crime for which expungement is expressly barred is the crime of "rape."[4] "Rape" and "carnal knowledge" mean the same thing: "sexual intercourse with a woman against her will," which "does not occur without penetration." *See State v. Riley,* 28 *N.J.* 188,

---

[2] *N.J.S.A.* 2C:1–1 to –104–9.

[3] The first unnumbered paragraph of *N.J.S.A.* 2C:52–2b excepts from expungement the same sex crime of rape as the former expungement statute, with the exception of attempts, aiding and abetting, and conspiracy. *See N.J.S.A.* 2A:164–28.

[4] In contrast, there are numerous *Code* sex offenses ineligible for expungement under the second paragraph.

206, 145 *A*.2d 601 (1958). "Carnal abuse," on the other hand, is an entirely separate and distinct crime. It has been defined as " 'an act of debauchery of the female sexual organs by those of the male which does not amount to penetration.' " *Application of Faas,* 42 *N.J.Super.* 31, 35, 125 *A*.2d 724 (App.Div.1956), *cert. denied, sub nom. Faas v. State of New Jersey,* 353 *U.S.* 940, 77 *S.Ct.* 820, 1 *L.Ed*.2d 762 (1957) (quoting *State v. Huggins,* 84 *N.J.L.* 254, 259, 87 *A.* 630 (E. & A.1913)). We shall discuss the significance of this definition later in our opinion.

Relying on *State v. M.,* 188 *N.J.Super.* 533, 457 *A*.2d 1237 (Law Div.1982), petitioner argued in the Law Division that his conviction for "carnal abuse," like "incestuous conduct," is eligible for expungement because it is not included in the list of ineligible pre-Code crimes in the first unnumbered paragraph of *N.J.S.A.* 2C:52–2b. He maintained that any other conclusion would amount to improper judicial legislation. The State countered, among other arguments, that the pre-Code crime of "carnal abuse" in the repealed statute, *N.J.S.A.* 2A:138–1, is subsumed by the crime of "rape" referenced in subsection b and, therefore, it is not eligible for expungement.

On January 29, 1999, the motion judge heard oral argument and denied N.W.'s expungement petition, reasoning, among other things, that it would be an unacceptable anomaly to bar expungement of less serious sex offenses under the Code, such as "criminal sexual contact,"[5] while allowing expungement of the more serious pre-Code crime of "carnal abuse."

On appeal, petitioner makes the same arguments as he did in the Law Division.[6]

---

[5] "Criminal sexual contact," *N.J.S.A.* 2C:14–3b, is defined, in relevant part, as the intentional touching of the victim's intimate parts directly or through clothing, where the victim is a child "at least thirteen but less than sixteen years old."

[6] The State opposed the petition on other grounds but the judge did not resolve those issues.

The issue is one of statutory construction. It requires us to interpret an exception to the general rule that permits expungement of a crime by a one-time offender after the expiration of ten years.

In construing a statute, we must effectuate the Legislature's intent as expressed by the clear language of the statute. *Turner v. First Union Nat'l Bank,* 162 *N.J.* 75, 84, 740 *A.2d* 1081 (1999). "[I]n the absence of an explicit indication of special meaning, words will be given their ordinary and well-understood meaning." *Service Armament v. Hyland,* 70 *N.J.* 550, 556, 362 *A.2d* 13 (1976). Indeed, "[w]hen a statute is clear on its face, a court need not look beyond the statutory terms to determine the legislative intent." *State v. Churchdale Leasing, Inc.,* 115 *N.J.* 83, 101, 557 *A.2d* 277 (1989).

Nonetheless, in determining legislative intent, we may look to more than the language of a statute and examine the policy behind the statute, concepts of reasonableness, and the legislative history, if any. *State v. Ferencsik,* 326 *N.J.Super.* 228, 231, 741 *A.2d* 101 (App.Div.1999). Indeed, although the rules of construction instruct that exceptions in a legislative enactment are to be "strictly construed [they should be interpreted] in a manner consistent with the purpose of the law." *In re Petition of Singer Asset Finance Co., L.L.C.,* 314 *N.J.Super.* 116, 119, 714 *A.2d* 322 (App.Div.1998).

Applying these principles here, we conclude that the intent of the Legislature as expressed through the clear language and purpose of *N.J.S.A.* 2C:52-2b is to bar only the pre-Code crime of "rape," and not "carnal abuse."

As previously indicated, under the repealed statute, "rape" was a distinctly different crime than "carnal abuse." *Faas, supra,* 42 *N.J.Super.* at 35, 125 *A.2d* 724. In 1976, *N.J.S.A.* 2A:138-1 provided as follows:

Rape and carnal abuse; penalty

Any person who has *carnal knowledge* of a woman forcibly against her will, or while she is under the influence of any narcotic drug, or who, being of the age of 16 or over, unlawfully and *carnally abuses* a woman-child under the age of 12 years, with or without her consent, is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 30 years, or both; or who, being of the age of 16 or over, unlawfully and carnally abuses a woman-child of the age of 12 years or over, but under the age of 16 years, with or without her consent, is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both. (Emphasis added).

Although the crimes delineated in the repealed statute did not expressly refer to the crime of "rape," as earlier noted, it was widely understood that "carnal knowledge" and "rape" meant the same thing, *see Riley, supra,* 28 *N.J.* at 206, 145 *A.*2d 601; *State v. Thompson,* 162 *N.J.Super.* 302, 307, 392 *A.*2d 678 (Law Div.1978), *aff'd,* 179 *N.J.Super.* 27, 430 *A.*2d 246 (App.Div.1981), and that "carnal abuse" was an entirely separate crime. *See Faas, supra,* 42 *N.J.Super.* at 35, 125 *A.*2d 724. Hence, based on its clear language alone, we are convinced that by listing only "rape" as an ineligible crime, the Legislature intended to bar expungement of only that pre-Code crime ("carnal knowledge"), and not "carnal abuse." [7] *See also In re R.,* 171 *N.J.Super.* 53, 407 *A.*2d 1263 (App.Div.1979) (allowing expungement of a conviction for "attempted rape" because only "rape" was listed as eligible for expungement).[8]

"Concepts of reasonableness" also support this conclusion. *See Ferencsik, supra,* 326 *N.J.Super.* at 231, 741 *A.*2d 101. In *N.J.S.A.* 2C:52–2b, the Legislature created two separate categories of crimes eligible for expungement, those in the first paragraph of the statute involving convictions of crimes under repealed

---

[7] Although we may not attribute any real significance to the chapter heading which lists only "rape" and "carnal abuse" as the crimes comprising the contents of the title, *N.J.S.A.* 2A:138–1, we nevertheless note in passing that the crime of "carnal knowledge" is not mentioned, presumably because the Legislature understood that "rape" meant "carnal knowledge."

[8] Following our decision in *In re R., supra,* 171 *N.J.Super.* 53, 407 *A.*2d 1263, the Legislature enacted *N.J.S.A.* 2C:52–2b which now excepts "attempts" from the general rule allowing expungements in *N.J.S.A.* 2C:52–2a.

statutes (pre-Code crimes), and those involving Code offenses. Notably, the prior expungement statute, *N.J.S.A.* 2A:164–28, is almost identical to the first unnumbered paragraph of *N.J.S.A.* 2C:52–2b, and contained the same exception for "rape." As in the current statute, this was the sole pre-Code sex crime made ineligible for expungement in *N.J.S.A.* 2A:164–28. We believe that in continuing the exception for "rape" in the current expungement statute, the Legislature intended that the crime of "carnal abuse" committed under the repealed statute be governed by the same standard for expungement as existed at the time the crime was committed. In so doing, the Legislature implicitly recognized that such a consistent approach would assure fairness, continuity, and efficiency in the judicial management of expungement cases arising under the repealed statute, *N.J.S.A.* 2A:138–1.

■ Additionally, because *N.J.S.A.* 2C:52–2b contains exceptions to the general rule of expungement set forth in subsection a, we examine the purpose of the statute. As earlier noted, exceptions to a statute are to be strictly construed in a manner consistent with the statute's purpose. *In re Singer, supra,* 314 *N.J.Super.* at 119, 714 *A.2d* 322. The stated purpose behind the expungement statute is set forth in *N.J.S.A.* 2C:52–32:

> [the laws relating to expungement] shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records.

As is clear from its language, the statute's purpose is to give a one-time offender who has changed his or her life a second chance. *See R.C., supra,* 292 *N.J.Super.* at 155, 678 *A.2d* 339 (listing cases recognizing that the expungement statute is "designed to help people who have changed their lives"). By construing the exception in subsection b narrowly to allow expungement of a conviction of "carnal abuse," we advance the statute's stated purpose.

We recognize that a conviction of the comparable sex offense under the second paragraph of subsection b, "criminal sexual contact," is not eligible for expungement. For the reasons we

have stated, we do not view the dichotomy between the two provisions as anomalous. Even if it could be read as anomalous, that circumstance does not grant us license to tamper with the clear language of the statute. *State v. A.N.J.*, 98 *N.J.* 421, 427, 487 *A.*2d 324 (1985) (citing *In re F.A.U.*, 190 *N.J.Super.* 245, 247, 463 *A.*2d 344 (App.Div.1983)). Whatever anomalies may exist in the expungement statute are for the Legislature to address, not us. As we recently stated in *In re Petition of Singer, supra*, 314 *N.J.Super.* at 119, 714 *A.*2d 322, "[i]f a litigant is dissatisfied with the manner in which the Legislature has spoken, its recourse lies with that branch, not with this court." [9] This is particularly true where, as here, the legislative history offers no insight into the legislative intent. *Ibid.*

In sum, the crime of "carnal abuse" is eligible for expungement under the Code. However, in reaching this conclusion, we do not decide whether N.W. is entitled to expungement of his conviction for "carnal abuse." There may exist some other issues which were not considered by the Law Division judge when he denied the petition that might bar expungement of the conviction. Because the judge did not address those issues, we remand the case to the trial court for further proceedings not inconsistent with this decision. We take no position on the outcome of such proceedings.

The order denying petitioner's application for expungement is reversed and the matter is remanded for further proceedings.

---

[9] In this regard, as previously noted, we are mindful of the legislative developments following our decision in *In re R., supra*, 171 *N.J.Super.* 53, 407 *A.*2d 1263 In that case, as earlier noted, we concluded that expungement of the crime of "attempted rape" was not barred by the prior expungement statute, *N.J.S.A.* 2A:164–28, because the statute only excepted the crime of "rape" from expungement. *Id.* at 56, 407 *A.*2d 1263. Shortly after we decided *In re R.*, the Legislature enacted the expungement statute, adding "aiding and abetting," "conspiracy," and *"attempts"* to the ineligible pre-Code crimes listed in the first paragraph of *N.J.S.A.* 2C:52–2b.