STATE OF NEW JERSEY, IN THE INTEREST OF
M.A., A JUVENILE.

Superior Court of New Jersey
Chancery Division Family Part
Essex County

Decided June 30, 1988.

*Andrew D. Manns, Jr.,* attorney for the Juvenile.

*Herbert H. Tate, Jr.,* Essex County Prosecutor, attorney for the State (*Gary S. Kull,* Assistant Prosecutor, of counsel and on the letter brief).

FUENTES, J.S.C.

The question presented in this case is whether the mandatory Drug Enforcement and Demand Reduction (DEDR) penalties, *N.J.S.A.* 2C:35–15a(3), should be assessed on a conviction for conspiracy to violate the narcotic laws under *N.J.S.A.* 2C:5–2.

On March 30, 1988, the juvenile pled guilty to possession of a controlled dangerous substance, *N.J.S.A.* 2C:35–10, and conspiracy to violate the narcotic laws, *N.J.S.A.* 2C:5–2, both third degree offenses. The plea recommendation called for the imposition of a one year probationary term and the required drug penalties. Section 2C:35–15a of the Comprehensive Drug Reform Act of 1987 provides that "every person convicted of or adjudicated delinquent for a violation of any offense defined in this Chapter ..." is subject to a mandatory penalty for each such offense. In the case of a third degree offense, a $1,000.00 penalty is to be assessed.

The juvenile contends that the offense of conspiracy is not defined in Chapter 35 and therefore should not be subject to the mandatory penalties. The State argues that a conspiracy charge cannot stand alone but must be linked to the object of the conspiracy, here possession of cocaine, and the same penalties applicable to a conviction for possession of cocaine should be assessed on a conviction for conspiracy to possess the cocaine.

The Court disagrees with the State's position. In the first instance, the definition of conspiracy is not contained in Chapter 35 but rather Chapter 5 of the New Jersey Code of Criminal Justice. The offense requires proof of an agreement between the defendant and another person to commit an offense. *N.J. S.A.* 2C:5–2a. Moreover, a conviction for possession of a controlled dangerous substance and conspiracy would result in a merger of both offenses and the imposition of a single penalty. *N.J.S.A.* 2C:1–8a(2).

Prior to the enactment of the Code in 1979, conspiracy and the completed substantive offense were generally treated as

separate offenses. *State v. Cormier,* 46 N.J. 494, 501 (1966). Thus a conviction for conspiracy and a conviction for committing the object of the conspiracy normally did not merge. *State v. Hardison,* 99 N.J. 379, 383 (1985). Under the present Code, however, an accused may be charged but not convicted of both conspiracy and the substantive offense. An exception occurs in cases where the criminal objectives of the conspiracy go beyond the substantive offenses proven. *N.J.S.A.* 2C:1–8a(2); *State v. Hardison, supra,* p. 386; *State v. Allison,* 208 *N.J.Super.* 9 (App.Div.1985).

In this context, a conspiracy to commit an offense is treated as a lesser included offense of the substantive crime for purposes of indictment, conviction and sentencing. *State v. Hardison, supra,* 99 N.J. p. 386; *State v. LeFurge,* 101 *N.J.* 404 (1986). Since the principle of merger involves the avoidance of double penalties for the same crime, Chapter 35 DEDR penalties may not be imposed on a conviction for both conspiracy to possess a controlled dangerous substance, *N.J.S.A.* 2C:5–2, and for the actual possession under *N.J.S.A.* 2C:35–10.

This decision is in accord with the intent of the legislature in passing the Comprehensive Drug Reform Act of 1986, which is now Chapter 35 of Title 2C. Section 2C:35–3, which concerns the leader of a narcotic's trafficking network, section 2C:35–6, respecting the use of a juvenile to distribute drugs and section 2C:35–7, involving the presence of drugs at or near a school, all contain specific provisions barring the application of the merger principle under 2C:1–8 to those sections. No such bar to merger, however, is contained in the section regarding possession or possession with the intent to distribute. *N.J.S.A.* 2C:35–10, *N.J.S.A.* 2C:35–5. This makes clear a legislative intent to allow for the application of the Criminal Code's merger provision to the offense of possession of a controlled dangerous substance. Therefore, in this case, the conspiracy conviction must merge into the conviction for possession.

For these reasons, the juvenile in this case shall be assessed the appropriate DEDR penalties for a single offense and the penalty of $1,000.00 plus a six month suspension of driving privileges and a $25.00 laboratory fee is imposed on the conviction for possession of a controlled dangerous substance but not conspiracy.