STATE OF NEW JERSEY IN THE INTEREST OF
W.M., A JUVENILE.

Superior Court of New Jersey
Appellate Division

Submitted May 15, 1989—Decided August 16, 1989.

112

Before Judges SHEBELL, GRUCCIO and LANDAU.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Lois DeJulio,* First Asst. Deputy Public Defender, of counsel and on the brief).

*Samuel Asbell,* Camden County Prosecutor, attorney for respondent (*Craig R. Mitnick,* Asst. Prosecutor, on the letter brief).

The opinion of the court was delivered by

GRUCCIO, J.A.D.

W.M., a juvenile, appeals from an adjudication of delinquency based on conduct which if committed by an adult would have

constituted a conspiracy to distribute cocaine, *N.J.S.A.* 2C:5–2, and from the imposition of the mandatory penalties under the Comprehensive Drug Reform Act of 1986, *N.J.S.A.* 2C:35–1, *et seq.* He specifically challenges the $1,000 Drug Enforcement and Demand Reduction (DEDR) penalty, *N.J.S.A.* 2C:35–15; the six-month postponement of driving privileges, *N.J.S.A.* 2C:35–16, and the $25 forensic laboratory fee, *N.J.S.A.* 2C:35–20. W.M. makes four separate constitutional challenges to the penalties and one statutory challenge.

On appeal he contends:

1. The imposition of a Drug Enforcement and Demand Reduction (DEDR) penalty, a forensic laboratory fee and a six-month suspension of driving privileges is illegal since the juvenile was convicted only of conspiracy.

2. *N.J.S.A.* 2C:35–15 is unconstitutional because the mandatory DEDR penalties discriminate against those juveniles adjudicated delinquent for drug offenses while all other juveniles adjudicated delinquent for non-drug offenses are not exposed to mandatory fines.

3. *N.J.S.A.* 2C:35–15 which provides for mandatory DEDR penalties to be imposed on all persons convicted of or adjudicated delinquent for offenses enumerated in the Comprehensive Drug Reform Act of 1986, *N.J.S.A.* 2C:35–15, *et seq.*, is fundamentally unfair as applied to juveniles.

4. *N.J.S.A.* 2C:35–15 which provides for mandatory DEDR penalties to be imposed upon juveniles adjudicated delinquent for committing drug offenses is cruel and unusual punishment. *U.S. Const.*, Amend. VIII; *N.J. Const.* (1947), Art. I, ¶ 12.

5. *N.J.S.A.* 2C:35–15 and *N.J.S.A.* 2C:35–16 violates Article 4, Section VII, Paragraph 5 of the New Jersey Constitution.

W.M.'s constitutional challenges were recently considered and rejected by us in *State in the Interest of L.M.*, 229 *N.J.Super.* 88 (App.Div.1988), and *State v. Ogar*, 229 *N.J.Super.* 459 (App.Div.1989). Accordingly, we reject defendant's allegations for the reasons expressed by us in the above opinions.

W.M.'s statutory challenge presents issues that we have not yet addressed. He contends that the mandatory penalties authorized by *N.J.S.A.* 2C:35–15, *N.J.S.A.* 2C:35–16 and *N.J.S.A.* 2C:35–20 apply only to adjudications of delinquency (or convictions) for offenses defined by Chapters 35 and 36 of the Criminal Code. He asserts that these penalties do not apply to

his adjudication based on conspiratorial conduct since conspiracy is defined solely in Chapter 5. The State contends that the legislative intent was to deter not only actual use or sale of controlled dangerous substances, but also the promotion or facilitation of such unlawful acts. According to the State, the underlying offense which is the object of a conspiracy is always "incorporated by reference" into the Chapter 5 charge. The State, therefore, contends, that Chapter 35 penalties apply so long as the conspiracy violation incorporates a drug violation under Chapter 35 or 36. While we agree that the issue is close, we are constrained to agree that the penalties do not apply.

*N.J.S.A.* 2C:35–15a provides:

> In addition to any disposition authorized by this title, the provisions of section 24 of *P.L.* 1982, c. 77 (C.2A:4A–43), or any other statute indicating the dispositions that can be ordered for an adjudication of delinquency, *every person convicted of or adjudicated delinquent for a violation of any offense defined in this chapter or chapter 36 of this title* shall be assessed for each such offense a penalty fixed at:
>
> (1) $3,000.00 in the case of a crime of the first degree;
> (2) $2,000.00 in the case of a crime of the second degree;
> (3) $1,000.00 in the case of a crime of the third degree;
> (4) $750.00 in the case of a crime of the fourth degree;
> (5) $500.00 in the case of a disorderly persons or petty disorderly persons offense. [Emphasis supplied].

The applicable provisions of *N.J.S.A.* 2C:35–16 provide for postponement of driving privileges:

> In addition to any disposition authorized by this title, the provisions of section 24 of *P.L.* 1982, c. 77 (C.2A:4A–43), or any other statute indicating the dispositions that can be ordered for an adjudication of delinquency, and notwithstanding the provisions of subsection c. of *N.J.S.* 2C:43–2 *every person convicted of or adjudicated delinquent for a violation of any offense defined in this chapter or chapter 36 of this title* shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period to be fixed by the court at not less than six months or more than two years which shall commence on the day the sentence is imposed. [Emphasis supplied].

*N.J.S.A.* 2C:35–20b, provides for assessment of forensic laboratory fees:

> In addition to any other disposition made pursuant to the provisions of section 24 of *P.L.* 1982, c. 77 (C.2A:4A–43) or any other statute indicating the dispositions that can be ordered for adjudications of delinquency, any juvenile adjudi-

cated delinquent for a violation of this chapter, shall be assessed a laboratory analysis fee of $25.00 for each adjudication.

W.M. was adjudicated a delinquent for conspiracy to sell drugs. He alleges that he violated *N.J.S.A.* 2C:5–2. This section defines the crime of conspiracy and the scope of a conspiratorial relationship.[1] Conspiracy is generally a crime of the same degree as the most serious crime which is the object of the conspiracy. An exception to this general rule exists for a conspiracy to commit a crime of the first degree, in which case conspiracy is a second-degree crime. *N.J.S.A.* 2C:5–4a.

The State argues that since the instant conspiracy violation is a crime of the same degree as the crime of possession with the intent to distribute (third-degree), "[l]ogically, the mandatory penalties attached to the intent to distribute, also attach to the conspiracy charge directly linked to this Chapter 35 violation." We disagree with the State's position since we find the issue is one of statutory interpretation and fundamental fairness.

Our decisions have consistently held that penal statutes must be strictly construed and cannot be extended by implication or tenuous interpretation beyond the fair meaning of their terms. *State v. Valentin,* 105 *N.J.* 14, 17–18 (1987); *State v. Carbone,* 38 *N.J.* 19, 24 (1962); *State v. Provenzano,* 34 *N.J.* 318, 322 (1961). Where there is more than one reasonable interpretation of a statute, or where the language is ambiguous (and the ambiguity is not created by the defendant's own actions), then the construction must be drawn against the State. *Valentin,* 105 *N.J.* at 18. This is because no one should be punished for a crime unless both the crime and its punishment are clearly set forth in positive laws. A penal statute must be sufficiently definite so that ordinary people can understand what conduct is prohibited. *Ibid.* The doctrine of strict construction of penal laws has at its heart the requirement of due

---

[1]The grading provisions for the crime of conspiracy are found in *N.J.S.A.* 2C:5–4.

process. *Id.* at 17. Our function is to ascertain legislative intent and enforce the statute according to its terms, *State v. Maguire,* 84 *N.J.* 508, 528 (1980), while cognizant of the principle that judges "should not be the ones to remold the statute when there is doubt about its application." *State v. Dixon,* 114 *N.J.* 111, 117 (1989).

The plain language of the three statutes in question indicate the penalties do not apply to convictions of conspiracy since conspiracy is not an offense defined under either Chapter 35 or 36. An ordinary person would not understand that his act of conspiring to commit a drug violation would result in the imposition of these penalties. Hence, absent a clearer statement from the Legislature, the penalties cannot be imposed without violating principles of fundamental fairness.

Moreover, in analyzing the inchoate crime of conspiracy we find that punishment for the crime serves two functions: first, to protect society from the danger of concerted criminal activity and, second, to make criminal that conduct which lies in the continuum between preparation and consummation, where the likelihood of commission is sufficiently great and the criminal intent sufficiently well formed. *State v. Hardison,* 99 *N.J.* 379, 383 (1985). The mere agreement to engage in a criminal venture is seen as an event of sufficient threat to social order so as to permit imposition of sanctions for the agreement alone. *Ibid.*

Prior to the Code's adoption, conspiracy and the completed substantive offense were separate crimes and did not merge. *Ibid.* In drafting the Code, conspiracy was dealt with differently. While recognizing that the Code provision had to reach far enough back into preparatory criminal conduct so as to nip the crime before its inception, the drafters also recognized that, unless the conspiracy has criminal objectives beyond any particular offense committed in pursuance of its goals, the crime should be punished in the same degree as the substantive offense, and cumulative convictions and sentences should be

barred. *Id.* at 385–386, citing II *Criminal Law Revision Commission, Commentary,* pp. 126–128 (1971).

In *State in the Interest of M.A.,* 227 *N.J.Super.* 393 (Ch.Div. 1988), the court concluded that the DEDR penalty could not be imposed on both convictions for conspiracy and for possession of a narcotic because the convictions merged thus resulting in a single penalty. *Id.* at 394–395. There, the issue was addressed as whether a DEDR penalty could be assessed for a conspiracy conviction under *N.J.S.A.* 2C:5–2. *Id.* at 394. The court recognized that the real issue was merger. Thus, having ruled in favor of merger, there was no statutory question to be decided under the Comprehensive Drug Reform Act.

An exploration of the Graves Act leads to a similar conclusion. *N.J.S.A.* 2C:43–6c also provides for a mandatory sentence upon the commission of specifically enumerated offenses.

> A person who has been convicted under 2C:39–4a. of possession of a firearm with intent to use it against the person of another, or of a crime under any of the following sections: 2C:11–3; 2C:11–4; 2C:12–1b.; 2C:13–1; 2C:14–2a.; 2C:14–3a.; 2C:15–1; 2C:18–2; 2C:29–5, who, while in the course of committing or attempting to commit the crime, including the immediate flight therefrom, used or was in possession of a firearm as defined in 2C:39–1f., shall be sentenced to a term of imprisonment by the court.... [*Ibid.*].

In *State v. Connell,* 208 *N.J.Super.* 688 (App.Div.1986), defendant was convicted of conspiracy to commit murder and of aggravated assault with a shotgun. The State conceded the statute did not permit imposition of the mandatory term for the conspiracy charge because conspiracy was not a Graves Act crime. *Id.* at 690–691. *And see* Cannel, *New Jersey Code of Criminal Justice,* Comment *N.J.S.A.* 2C:5–4 at 216 (1989).

We believe that had the Legislature intended to include conspiracy under the Comprehensive Drug Reform Act, it would have explicitly done so. The mere fact that the object of the conspiracy is a crime under the act, or that the conspiracy is graded in accordance with the grading for the Chapter 35 crime, is insufficient to support the theory that a mere conspiracy alone constitutes an offense under Chapter 35 (or 36), compelling the imposition of the mandatory penalties under the

act. We also observe that to the extent the Legislature feared that conspiratorial conduct alone was dangerous and deserving of punishment, it enacted specific statutory provisions. *See, e.g., N.J.S.A.* 2C:35–3 (dealing with the conspiratorial offense of being a leader of a narcotics trafficking network, and providing that such a crime shall not merge with the conviction for any offense which is the object of the conspiracy). It may be appropriate in light of our opinion that the Legislature should re-examine this issue and consider whether other conspiratorial conduct should be included.

Accordingly, we hold the mere conviction under *N.J.S.A.* 2C:5–2 for the "ordinary" crime of conspiracy, does not render a person subject to the mandatory penalties of the Comprehensive Drug Reform Act, even if the object of that conspiracy constitutes a Chapter 35 offense. Hence, the juvenile's penalties under *N.J.S.A.* 2C:35–15, *N.J.S.A.* 2C:35–16 and *N.J.S.A.* 2C:35–20 must be vacated.

Reversed.