Counsel for Range should submit an Order consistent with the above, pursuant to Rule.

586 A.2d 1366
STATE OF NEW JERSEY, PLAINTIFF, v. LOUIS MARK
BRAM, DEFENDANT.

Superior Court of New Jersey
Law Division Criminal
Monmouth County

Decided July 13, 1990.

*Alan Stacy,* for plaintiff (*John A. Kaye,* Monmouth County Prosecutor, attorney).

*Dennis Lavender,* for defendant.

LAWSON, J.S.C.

The Appellate Division held, in *State in the Interest of W.M.,* 237 *N.J.Super.* 111, 567 *A.*2d 217 (App.Div.1989), that "the mere conviction under *N.J.S.A.* 2C:5–2 for the 'ordinary' crime of conspiracy does not render a person subject to the mandatory penalties of the Comprehensive Drug Reform Act, even if the object of that conspiracy constitutes a Chapter 35 offense." *Id.* at 118, 567 *A.*2d 217. This motion presents the related

question of whether the mandatory penalties authorized by the Comprehensive Drug Reform Act are applicable to adjudications under a charge of complicity pursuant to *N.J.S.A.* 2C:2–6 when the offense for which a person is to be held legally accountable constitutes a chapter 35 offense. For the reasons expressed in the foregoing opinion, the court holds that the mandatory penalties authorized by chapter 35 are applicable to convictions or adjudications based on a charge of complicity under *N.J.S.A.* 2C:2–6.

On December 7, 1989, defendant, Louis Bram, entered a retraxit plea of guilty to count two of Monmouth County indictment number 89–10–1781, charging him with complicity to distribute a controlled dangerous substance in violation of *N.J.S.A.* 2C:2–6. The charge states as follows:

## SECOND COUNT

## COMPLICITY TO DISTRIBUTE A CONTROLLED

## DANGEROUS SUBSTANCE—THIRD DEGREE CRIME

The Grand Jurors of the State of New Jersey, for the County of Monmouth, upon their oaths present that LOUIS MARK BRAM on or about the 21st day of July, 1989, in the and about the Borough of Belmar, County of Monmouth and within the jurisdiction of this Court, did commit the crime of complicity to distribute Cocaine, a controlled dangerous substance, in that, with the purpose of promoting or facilitating the commission of said offense, he aided or agreed or attempted to aid NELSON TORRES in the distribution of Cocaine, contrary to the provisions of *N.J.S.A.* 2C:2–6, and against the peace of this State, the Government, and dignity of the same.

Defendant's plea was entered pursuant to a plea agreement by which the State agreed to dismiss the remaining five counts of the indictment against defendant.

On February 9, 1990, this court imposed upon defendant a five-year probationary term on count two. As part of defendant's sentence, this court imposed a $1,000 drug enforcement demand reduction (D.E.D.R.) penalty pursuant to *N.J.S.A.* 2C:35–15a, a six-month postponement of his driving privileges

pursuant to *N.J.S.A.* 2C:35–16, and a $50 forensic laboratory fee pursuant to *N.J.S.A.* 2C:35–20.

On February 26, 1990, defendant filed a notice of motion to amend this sentence pursuant to *R.* 3:21–10. Defendant contends that the mandatory penalties under the Comprehensive Drug Reform Act of 1986, *N.J.S.A.* 2C:35–1 *et seq.*, referred to above, are not applicable to convictions or adjudications based upon complicity liability since complicity is solely defined in chapter 2 of the Criminal Code. Defendant relies upon the holding in *State in the Interest of W.M.*, *supra*, and incorporates the arguments set forth therein by reference. Based upon *W.M.*, defendant seeks an order to omit the D.E. D.R. penalty and driver's license revocation pursuant to *R.* 3:21–10.

The State opposes defendant's motion and seeks to distinguish the holding in *W.M.* from the present situation. The State argues that, unlike the crime of conspiracy which may stand independently as a specific crime, see *State v. Cormier*, 46 *N.J.* 494, 501, 218 *A.*2d 138 (1966), the crime of complicity is entirely dependent on the substantive offense. Relying upon *State v. White*, 98 *N.J.* 122, 484 *A.*2d 691 (1984), the State submits the following:

> By definition an accomplice must be a person who acts with the *purpose* of promoting or facilitating the commission of *the* substantive offense for which he is charged as an accomplice. II *The New Jersey Penal Code: Final Report of the New Jersey Criminal Law Revision Commission* 57 (1971) observes that "one is 'legally accountable' for the conduct of another when he is an 'accomplice' of another person in *the* offense." By "the offense" is meant that offense charged for which guilt is in question under subsection 2C:2–6a. [*Id.* at 129, 484 *A.*2d 691]

Because complicity necessarily contemplates a "purpose of promoting or facilitating the commission of *the* substantive offense for which [defendant] is charged as an accomplice," *ibid.*, the State argues that the mandatory penalties are applicable where the substantive offense for which defendant is charged as an accomplice falls within the ambit of chapter 35.

As indicated by the court in *W.M.*, the issue here is "one of statutory interpretation and fundamental fairness." *State in the Interest of W.M., supra,* 237 *N.J.Super.* at 115, 567 *A.*2d 217. Regarding the imposition of mandatory D.E.D.R. penalties, *N.J.S.A.* 2C:35–15a provides in pertinent part:

In addition to any disposition authorized by this title, the provisions of section 24 of P.L.1982, c. 77 (C.2A:4A–43), or any other statute indicating the disposition that can be ordered for an adjudication of delinquency, **every person convicted of or adjudicated delinquent for a violation of any offense defined in this chapter or chapter 36 of this title** shall be assessed for each such offense a penalty fixed at:

(1) $3,000.00 in the case of crime of the first degree;

(2) $2,000.00 in the case of a crime of the second degree;

(3) $1,000.00 in the case of a crime of the third degree;

(4) $750.00 in the case of a crime of the fourth degree;

(5) $500.00 in the case of a disorderly persons or petty disorderly persons offense. [Emphasis supplied]

As for the postponement of driving privileges, the pertinent provisions of *N.J.S.A.* 2C:35–16 are as follows:

In addition to any disposition by this title, the provisions of section 24 of P.L.1982, c. 77 (C.2A:4A–43), or any other statute indicating the dispositions that can be ordered for an adjudication of delinquency, and notwithstanding the provisions of subsection c. of **N.J.S. 2C:43–2 every person convicted of or adjudicated delinquent for a violation of any offense defined in this chapter or chapter 36 of this title** shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period to be fixed by the court at not less than six months or more than two years which shall commence on the day the sentence is imposed. [Emphasis supplied]

Forensic laboratory fees are assessed pursuant to *N.J.S.A.* 2C:35–20b, which provides:

In addition to any other disposition made pursuant to the provisions of section 24 of P.L.1982, c. 77 (C.2C:4A–43) or any other statute indicating the dispositions than can be ordered for adjudications of delinquency, any juvenile adjudicated delinquent for a violation of this chapter, shall be assessed a laboratory analysis fee of $25.00 for each adjudication.

Defendant relies on *State in the Interest of W.M., supra,* for his contention that these mandatory penalties do not apply to complicity convictions under *N.J.S.A.* 2C:2–6(b). In *W.M.,* defendant was a juvenile adjudicated delinquent based on conduct which, if committed by an adult, would have constituted a conspiracy to distribute cocaine in violation of *N.J.S.A.* 2C:5–2.

*W.M., supra,* 237 *N.J.Super.* at 112–113, 567 *A.*2d 217. Defendant appealed the imposition of a $1,000 D.E.D.R. penalty, six-month loss of driving privileges and a $25 forensic laboratory fee imposed pursuant to chapter 35. *Id.* at 113, 567 *A.*2d 217. The State argued that because the underlying substantive offense which is the object of a conspiracy is always "incorporated by reference" into the chapter 5 conspiracy charge, the chapter 35 mandatory penalties should apply so long as the conspiracy violation incorporates a drug violation under chapter 35 or 36. *Id.* at 114, 567 *A.*2d 217. Additionally, the State contended that, because *N.J.S.A.* 2C:5–4 generally makes conspiracy a crime of the same degree as the most serious crime which is the object of the conspiracy (which in *W.M.* was the crime of possession with intent to distribute (third degree), then "logically, the mandatory penalties attached to the intent to distribute, also attach to conspiracy charge directly linked to this Chapter 35 violation." *Id.* at 115, 567 *A.*2d 217. In rejecting the State's arguments, the *W.M.* court relied upon the following principles of statutory interpretation:

> Our decisions have consistently held that penal statutes must be strictly construed and cannot be extended by implication or tenuous interpretation beyond the fair meaning of their terms. *State v. Valentin,* 105 *N.J.* 14, 17–18 [519 *A.*2d 322] (1987); *State v. Carbone,* 38 *N.J.* 19, 24 [183 *A.*2d 1] (1962); *State v. Provenzano,* 34 *N.J.* 318, 322 [169 *A.*2d 135] (1961). Where there is more than one reasonable interpretation of a statute or where the language is ambiguous (and the ambiguity is not created by the defendant's own actions), then the construction must be drawn against the State. *Valentin,* 105 *N.J.* at 18 [519 *A.*2d 322]. This is because no one should be punished for a crime unless both the crime and its punishment are clearly set forth in positive laws. A penal statute must be sufficiently definite so that ordinary people can understand what conduct is prohibited. *Ibid.* The doctrine of strict construction of penal laws has at its heart the requirement of due process. *Id.* at 17 [519 *A.*2d 322]. Our function is to ascertain legislative intent and enforce the statute according to its terms, *State v. Maguire,* 84 *N.J.* 508, 528 [423 *A.*2d 294] (1980), while cognizant of the principle that judges "should not be the ones to remold the statute when there is doubt about its application." *State v. Dixon,* 114 *N.J.* 111, 117 [553 *A.*2d 1] (1989) [237 *N.J.Super.* at 115–116, 567 *A.*2d 217]

In light of these principles, the court held that "[t]he plain language of the three statutes in question [*N.J.S.A.* 2C:35–15a, –16 and –20] indicate the penalties do not apply to convictions of

conspiracy since conspiracy is not an offense defined under either Chapter 35 or 36." *Id.* at 116, 567 *A.*2d 217. Likening the mandatory penalties of chapter 35 to the mandatory sentencing provisions of the Graves Act, see *N.J.S.A.* 2C:43–6(c), the court reasoned that the Legislature would have explicitly included the crime of conspiracy as a chapter 35 offense had it intended to do so. *Id.* at 117, 567 *A.*2d 217. In conclusion, the court stated:

> The mere fact that the object of the conspiracy is a crime under the act, or that the conspiracy is graded in accordance with the grading for the Chapter 35 crime, is insufficient to support the theory that a mere conspiracy alone constitutes an offense under Chapter 35 (or 36), compelling the imposition of the mandatory penalties under the act. [*Id.* at 117–118, 567 *A.*2d 217]

It is this court's opinion that *W.M.* does not control the case at bar.

For his participation in the criminal enterprise in the case at bar, defendant was charged as an accomplice to the distribution of cocaine only under *N.J.S.A.* 2C:2–6 and *N.J.S.A.* 2C:35–5. The indictment charges that, with "the purpose of promoting or facilitating said offense," defendant "aided or agreed or attempted to aid" Nelson Torres in the distribution of cocaine. In response to this court's solicitation of a factual basis at the entry of defendant's guilty plea, defendant stated that he drove Torres to get cocaine, knowing Torres was going to sell that cocaine, and in return for his participation, Torres gave defendant some of the drug to satisfy his addiction.

Entitled "Liability for Conduct of Another; Complicity," *N.J.S.A.* 2C:2–6 codifies the basic principle that criminal liability may be premised not only upon one's own conduct, but also on the conduct of another under certain circumstances. *N.J.S.A.* 2C:2–6b states that:

> A person is legally accountable for the conduct of another person when:
> (1) Acting with the kind of culpability that is sufficient for the commission of the offense, he causes an innocent or irresponsible person to engage in such conduct;
> (2) He is made accountable for the conduct of such other person by the code or by the law defining the offense;

(3) He is an accomplice of such other person in the commission of an offense; or

(4) He is engaged in a conspiracy with such other person.

*N.J.S.A.* 2C:2–6c defines complicity as follows:

A person is an accomplice of another person in the commission of an offense if:

(1) With the purpose of promoting or facilitating the commission of the offense; he

(a) Solicits such other person to commit it;

(b) Aids or agrees or attempts to aid such other person in planning or committing it; or

(c) Having a legal duty to prevent the commission of the offense, fails to make proper effort so to do; or

(2) His conduct is expressly declared by law to establish his complicity.

II *The New Jersey Penal Code: Final Report of the New Jersey Criminal Law Revision Commission: Commentary* (1971) [hereinafter *Commentary* ] illuminates the general purpose of this statutory provision:

The Section differentiates the different modes of complicity in an offense for the purpose of developing their content. It does not, however, contemplate that such distinctions should have a procedural significance. As it presently true in New Jersey, which has abolished the common law distinctions between principals and accessories, it is sufficient under the Code to charge commission of a crime. *N.J.S.* 2A:85–14; *State v. Western Union Telegraph Co.*, 12 *N.J.* 468, 494–495 [97 *A.*2d 480] (1953), *State v. Cooper*, 10 *N.J.* 532 [92 *A.*2d 786] (1952); *State v. Jacques* [Kenderski], 99 *N.J.Super.* 224, 235 [239 *A.*2d 249] (App.Div. 1968). Notice that the system employed by the Code does not employ the term 'principal', on the ground that it is unnecessary. [at 56]

█ It is therefore clear that in addition to delineating specific circumstances where one is to be held legally accountable for the conduct of another, *N.J.S.A.* 2C:2–6 preserves the prior statutory and common law principle that abolishes the distinction between principal and accomplice. *See State v. Gerald,* 113 *N.J.* 40, 93, 549 *A.*2d 792 (1988). See also *State v. Alexander,* 184 *N.J.Super.* 615, 621, 446 *A.*2d 1257 (Law Div.1982) (under the code, accomplices are with few exceptions as liable as the person they aid). As gleaned from the *Commentary,* the code to this extent follows prior law.

In *State v. Cooper,* 10 *N.J.* 532, 92 *A.*2d 786 (1952), the Court articulated these enduring principles:

Under our law, all those who conspire to commit a crime and participate in some way in its commission are joint *principals* and each is a guilty as the person who actually commits the crime and is liable to the same punishment. They are indicted, in the language of the statute, as principles [*sic*] and are not accused as being accessories or aiders and abettors.

The distinction between principal and accomplice or aider and abettor has been abolished in our jurisdiction for purposes of indictment **and punishment.** [at 568, 92 *A*.2d 786]

■ Thus, unlike conspiracy which is defined as an independent crime under *N.J.S.A.* 2C:5–2, there exists no independent crime of complicity under the code. To the contrary, *N.J.S.A.* 2C:2–6 expresses a general principle of criminal liability. An individual indicted under *N.J.S.A.* 2C:2–6, in conjunction with the substantive offense, is provided appropriate notice of the factual theory underlying the charges. An individual adjudicated guilty under such a charge is guilty of the substantive offense, and liable for punishment as if he were the *principle* perpetrator. *See State v. Gerald, supra; State v. Cooper, supra; State v. Alexander, supra.*

It is therefore the conclusion of this court that a defendant adjudicated or convicted under a charge of complicity in the commission of a chapter 35 offense is subject to the mandatory penalties authorized by the Comprehensive Drug Reform Act. In reaching this decision, the court finds, as persuasive authority, the decision of the Court in *State v. White*, 98 *N.J.* 122, 484 *A*.2d 691 (1984). In *White*, the Court held that where an accomplice is found guilty only of robbery, and knew or had reason to know before the crime was committed that his partner would possess or use a firearm while the crime was being committed, or during the immediate flight thereafter, the accomplice is subject to the minimum sentencing provisions of the Graves Act, *N.J.S.A.* 2C:43–6c. In light of this analysis, defendant's motion to amend his sentence is denied.