767 A.2d 976

IMO PETITION FOR EXPUNGEMENT OF RECORDS OF
D.A.C.,D.A.C., PETITIONER–APPELLANT, v. STATE OF
NEW JERSEY, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 6, 2001—Decided February 28, 2001.

Before Judges PRESSLER, CIANCIA and ALLEY.

*Richard S. Lehrich* argued the cause for petitioner.

*Jessica Gomperts*, Assistant Bergen County Prosecutor, argued the cause for respondent (*William H. Schmidt*, Bergen County Prosecutor, attorney; *Joseph Glebocki, Jr.*, Assistant Bergen County Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

ALLEY, J.A.D.

D.A.C. appeals from an order entered January 13, 2000, to the extent it denied his petition for expungement of the following information, records, and judgment of conviction: his arrest on April 22, 1980, by the Bergen County Narcotics Task Force and his indictment pursuant to Bergen County Indictment S–229–81

for distribution of LSD, possession of LSD, and conspiracy to distribute a controlled dangerous substance, and his judgment of conviction on November 20, 1981, pursuant to his plea of guilty, of the charge of distribution of LSD, *N.J.S.A.* 24:21–19(a)(1).[1]

The expungement statute, *N.J.S.A.* 2C:52–2a, provides in pertinent part:

> In all cases, *except as herein provided*, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime ... may, after the expiration of a period of 10 years from the date of his conviction, payment of fine, satisfactory completion of probation or parole, or release from incarceration, whichever is later, present a duly verified petition praying that such conviction and all records and information pertaining thereto
>
> be expunged.
>
> [Emphasis added.]

One of the statutory exceptions to eligibility for expungement is set forth in *N.J.S.A.* 2C:52–2c:

> In the case of conviction for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell, expungement shall be denied.... [2]

---

[1] The Law Division ordered the expungement of petitioner's March 22, 1979 arrest by the Kean College Police Department and his subsequent conditional discharge under Summons No. WE41314. The Law Division, in addition to denying expungement as to the LSD charges that are subject of this appeal, also denied expungement as to petitioner's arrest on January 24, 1987 by the Lyndhurst Township Police Department and his subsequent conviction under Summons S372671 on all charges, namely possession of marijuana, *N.J.S.A.* 24:21–20(a)(4); possession of dangerous drugs, *N.J.S.A.* 24:21–20(b); and possession of narcotics paraphernalia, *N.J.S.A.* 24:21–47. The record shows that the State does not contest the expungement respecting the 1979 Kean College matter and that petitioner does not contest the denial of expungement respecting the 1987 Lyndhurst matter.

[2] *N.J.S.A.* 2C:52–2c does not bar expungement for all sales or distributions of controlled dangerous substances nor for all possession of those substances with intent to sell, but the crimes in that category for which expungement may be obtained ("(1) [m]arijuana, where the total quantity sold, distributed or possessed with intent to sell was 25 grams or less, or (2)[h]ashish, where the total quantity sold, distributed or possessed with intent to sell was five grams or less") do not apply to defendant's conviction pertaining to the distribution of LSD.

In this appeal, we must decide whether a person convicted as an accomplice of an offense specified in *N.J.S.A.* 2C:52–2c is eligible to obtain expungement even though the principal in the commission of the same crime would not be eligible.

The arrest respecting the LSD charges occurred when petitioner was 23 years old. Following his plea of guilty to the charge of distribution of LSD, the court sentenced petitioner to a two-year term of probation, and the indictment's remaining charges against him were dismissed on the State's motion. Petitioner claims that since his last involvement with the courts he has attained a degree of Bachelor of Arts in Public Administration, consistently held responsible employment, and led an exemplary life.

Petitioner also contends that his role in the LSD distribution was that of an accomplice rather than of a principal. Many of the case records appear to be no longer available, and although petitioner buttresses his assertion of accomplice status with several arguments, the plain fact is that the gap in the record made available to us is too large and there is no entirely convincing proof either way. For purposes of this opinion, however, we will extend to petitioner the benefit of the doubt and assume in the course of our analysis that he was indeed an accomplice, and this takes us to the core issue in the appeal.

The Law Division judge who decided the petition was persuaded that the statutory bar in CDS distribution cases against eligibility for expungement, *N.J.S.A.* 2C:52–2c, applies equally to principals and accomplices. Accordingly, he considered petitioner ineligible for expungement respecting the LSD distribution conviction and denied the petition. We agree that this conclusion was correct. We thus hold that that statutory bar applies to alleged accomplices such as petitioner, as well as to principals, and we overrule the contrary decision in *Application of R.C.*, 292 *N.J.Super.* 151, 678 *A.*2d 339 (Law Div.1996).

It is well-established in New Jersey law that distinctions between the culpability and punishment of a principal and accom-

plice have been abolished, and that an accomplice has equal culpability and is subject to the same punishment as a principal in the crime's commission. *State v. Gerald*, 113 *N.J.* 40, 93, 549 *A.*2d 792 (1988); *State v. Bram*, 246 *N.J.Super.* 200, 208, 586 *A.*2d 1366 (Law Div.1990). *See also State v. Mancine*, 124 *N.J.* 232, 259–60, 590 *A.*2d 1107 (1991); *State v. Weeks*, 107 *N.J.* 396, 400, 526 *A.*2d 1077 (1987); *State v. Cooper*, 10 *N.J.* 532, 92 *A.*2d 786 (1952).[3] Indeed, for an accomplice to be convicted of the same crime as the principal, each must be determined to have had the same mental state. *State v. Bielkiewicz*, 267 *N.J.Super.* 520, 527, 632 *A.*2d 277 (App.Div.1993). There is no separate crime of complicity in New Jersey. *State v. Bram, supra*, 246 *N.J.Super.* 200, at 208, 586 *A.*2d 1366.

Petitioner urges that expungement should be granted on the authority of our unreported opinion in *State v. Eccleston*, (A–2653–98T2) (App.Div.1999), where we affirmed an order granting expungement. *Eccleston*, however, presents no basis for expunging petitioner's offense. As noted, *N.J.S.A.* 2C:52–2c prohibits expungement of a "conviction for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell...." The offense whose expungement we affirmed in *Eccleston*, however, was possession with intent to distribute, not possession with intent to sell, and thus it was not identical to the

---

[3] The pertinent statutory provisions on accomplice liability are the following:

*N.J.S.A.* 2C:2–6. Liability for conduct of another; complicity

a. person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

b. A person is legally accountable for the conduct of another person when ...

(3) He is an accomplice of such other person in the commission of an offense; ...

c. A person is an accomplice of another person in the commission of an offense if:

(1) With the purpose of promoting or facilitating the commission of the offense; he ...

(b) Aids or agrees or attempts to aid such other person in planning or committing it....

crimes defined in *N.J.S.A.* 2C:52–2c. By contrast, petitioner's crime, distribution of CDS, is specifically listed in that provision as one of the crimes whose expungement the Legislature has forbidden.

Finally, we note the following in connection with *Application of R.C.,* 292 *N.J.Super.* 151, 678 A.2d 339, *supra,* which we overrule in this opinion because it is inconsistent with the rationale in this case. There, the court referred to the portions of *N.J.S.A.* 2C:52–2b that bar expungement not only for committing certain specified offenses but also for aiding and assisting the commission of those offenses, and it observed that there is no corresponding language in *N.J.S.A.* 2C:52–2c that bars expungement for complicity in the offenses specified therein. The court inferred therefrom a legislative intent not to bar expungement for crimes of complicity under *N.J.S.A.* 2C:52–2c because in that paragraph the statute has not expressly named crimes of complicity.

We conclude that such a view of the legislative purpose is erroneous and runs counter to the governing principles of statutory construction. First of all, the Legislature is presumed to be cognizant of the law, including judicial interpretation of its enactments. *See Quaremba v. Allan,* 67 *N.J.* 1, 14, 334 A.2d 321 (1975). In this instance we conclude that our Legislature had the knowledge that an accomplice's crime is treated the same in New Jersey law as the crime of the principal. Yet it has made no change in *N.J.S.A.* 2C:52–2c to authorize the relief petitioner seeks. We observe, moreover, that expungement provisions are narrowly construed. *State v. A.N.J.,* 98 *N.J.* 421, 427, 487 A.2d 324 (1985); *State v. N.W.,* 329 *N.J.Super.* 326, 747 A.2d 819 (App.Div.2000). We therefore are not able to accept the reasoning underlying *Application of R.C.* In our view, an accomplice convicted of a crime enumerated in *N.J.S.A.* 2C:52–2c is barred from expungement to the same extent as the principal who is convicted of one of those crimes.

The order appealed from is accordingly affirmed.