822 A.2d 572

IN THE MATTER OF EXPUNGEMENT APPLICATION
OF P.A.F.,P.A.F., PETITIONER–APPELLANT.

Argued March 4, 2003—Decided May 8, 2003.

*Howard G. Golden,* argued the cause for appellant (*Frank P. Beninato, Jr.,* attorney; *Mr. Beninato,* on the brief).

*Steven J. Kaflowitz,* Assistant Prosecutor, argued the cause for respondent, State of New Jersey (*Thomas V. Manahan,* Union County Prosecutor, attorney).

The opinion of the Court was delivered by

ALBIN, J.

A public official who commits a crime involving or touching his office is not eligible for expungement of the record of his conviction by the express language of the third paragraph of *N.J.S.A.* 2C:52–2b. We are called on to determine whether that same provision bars a private citizen, who aids and abets the public official in the commission of the crime, from the benefits of the expungement process. We hold that this provision barring expungement to the public office holder does not extend to the private citizen who serves as his accomplice.

I.

On January 4, 1984, petitioner P.A.F. pled guilty to a number of crimes contained in a multi-count indictment relating to the operation of Kit Enterprises, a company in the business of storing, recycling, and disposing of oil-contaminated waste. During the relevant time period, P.A.F. was president of Kit Enterprises. P.A.F. admitted to committing crimes directly related to the operation of the waste disposal business, such as making false statements on reports to government agencies and illegally dumping hazardous waste. He also admitted to "aiding and abetting

official misconduct" in violation of *N.J.S.A.* 2C:30–2, a second-degree crime.

The official misconduct count concerned P.A.F.'s solicitation and receipt of confidential information from a Union County sheriff's officer, who looked up the license plate numbers of vehicles parked in the vicinity of Kit Enterprises to identify the owners of the vehicles. That information was then used by Kit Enterprises to determine whether competitors or law enforcement agencies were monitoring the business.

P.A.F. was sentenced to an aggregate term of five years in State prison on the counts to which he pled guilty. On June 13, 2000, more than ten years after completion of his sentence, including parole, P.A.F. filed a verified petition seeking expungement of his record of conviction. The motion judge initially granted the expungement of P.A.F.'s criminal record because he "was not a public official or public servant at the time of the offenses." On reconsideration, the judge rescinded his previous order and denied P.A.F.'s expungement petition, relying on *In re D.A.C.*, 337 *N.J.Super.* 493, 498, 767 *A.*2d 976 (App.Div.2001), which held that an accomplice convicted of the crime of distribution of LSD is barred from expungement to the same extent as a principal convicted of the same crime. Although *D.A.C.* dealt with a different provision of the expungement statute, the motion judge concluded that because an accomplice is subject to the same punishment as a principal, and because public office holders were barred from expungement, P.A.F. should also be denied expungement as an accomplice.

The Appellate Division affirmed in an unpublished *per curiam* decision. This Court granted P.A.F.'s petition for certification. 174 *N.J.* 364, 807 *A.*2d 196 (2002).

## II.

■ New Jersey's Code of Criminal Justice (Code) provides for the expungement of arrest and criminal records subject to a number of notable exceptions. *N.J.S.A.* 2C:52–1 to –32. When

expungement is granted, "the arrest, conviction and any proceedings related thereto shall be deemed not to have occurred," *N.J.S.A.* 2C:52–27, although the records remain available to the judiciary and law enforcement for certain purposes, *N.J.S.A.* 2C:52–17 to –23, –27c. In accordance with *N.J.S.A.* 2C:52–32, the expungement statute is to be construed "with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity." *N.J.S.A.* 2C:52–32.

The general rule favors expungement of a first-time criminal conviction.

> In all cases, except as herein provided, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two occasions may, after the expiration of a period of 10 years from the date of his conviction, payment of fine, satisfactory completion of probation or parole, or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52–7 to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto be expunged.
>
> [*N.J.S.A.* 2C:52–2a.]

Three paragraphs in *N.J.S.A.* 2C:52–2b enumerate the exceptions to the general rule providing for expungement of a first-time criminal conviction. The first paragraph excludes from expungement convictions of certain pre-Code offenses, such as murder, manslaughter, kidnapping, rape, robbery, arson, and perjury. This paragraph includes within its sweep any conspiracy, attempt, or aid and assistance to commit such crimes. *Ibid.* The second paragraph excludes from expungement convictions of a number of crimes under the Code, including murder, manslaughter, kidnapping, aggravated sexual assault, and any attempt or conspiracy to commit such crimes. *Ibid.*

It is the third paragraph of *N.J.S.A.* 2C:52–2b that applies to this case. That paragraph provides:

> Records of conviction for *any crime committed by a person holding any public office, position or employment,* elective or appointive, under the government of this State or any agency or political subdivision thereof *and any conspiracy or attempt*

*to commit such a crime* shall not be subject to expungement if the crime involved or touched such office, position or employment.

[*N.J.S.A.* 2C:52–2b (emphasis added).]

The issue before the Court is one of statutory interpretation. Clearly, if P.A.F. were a public official, he would not be entitled to an expungement of his record. There is no dispute, however, that P.A.F. was a private citizen when he committed the offense of aiding and abetting misconduct in office. In affirming the trial court's order denying expungement, the Appellate Division, relying on *D.A.C., supra,* 337 *N.J.Super.* at 498, 767 *A.*2d 976, began its analysis by determining that "the expungement statute is to be narrowly construed." In adopting that approach, the Appellate Division began with the premise that *N.J.S.A.* 2C:52–2b precluded expungement of a criminal record of a private citizen who engaged with a public official in "any conspiracy or attempt to commit . . . a crime" touching or involving the official's office. Given that point of departure, the Appellate Division was left to determine whether an accomplice must be treated differently from one who attempts or conspires to commit a crime with a public official. Reasoning that an accomplice is legally responsible for the conduct of a principal and the relationship between a conspirator and an accomplice is similar, the Appellate Division "doubt[ed] that the Legislature would have prohibited the expungement of a crime committed by a conspirator but not an accomplice."

■ If we were to accept the premise of the Appellate Division that "any conspiracy or attempt to commit such a crime" applies to private citizens under *N.J.S.A.* 2C:52–2b, we would not disagree with the conclusion that accomplice liability falls within its fold. Legislation must be construed so as to avoid absurd results. *State v. Haliski,* 140 *N.J.* 1, 9, 656 *A.*2d 1246 (1995); *Robson v. Rodriquez,* 26 *N.J.* 517, 528, 141 *A.*2d 1 (1958). We presume that the Legislature intended a logical and consistent application of this statute. We would find it difficult to conclude that the Legislature intended to deny expungement to a private citizen who conspired or attempted to commit a crime with a public official but not to an accomplice of the public official.

■ However, we cannot agree with the initial premise accepted by the Appellate Division. In interpreting *N.J.S.A.* 2C:52–2, we observe that the general principle of that statute favors expungement of the criminal records of a first-time offender. *N.J.S.A.* 2C:52–32. The statute begins with the language: "In all cases, *except* as herein provided...." *N.J.S.A.* 2C:52–2a (emphasis added). In keeping with standard canons of statutory construction, it is not the general rule, but rather the exceptions that are to be construed narrowly. *Young v. Schering Corp.*, 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995); *State v. N.W.*, 329 *N.J.Super.* 326, 331, 747 *A.*2d 819 (App.Div.2000).

The third paragraph of *N.J.S.A.* 2C:52–2b is far from a model of clarity and lends itself to varying interpretations. The legislative history of the third paragraph does not provide any conclusive insight into divining the interpretive riddle in this case. It is worth noting, however, that both the Sponsor's Statement and the Senate Judiciary Committee's report concerning this provision contained similar language indicating that the focus of the Legislature was on the public office holder:

> This bill would implement one of the recommendations contained in the recent State Commission on Investigation report on local government corruption. This bill would provide that if a public official or employee is convicted of a crime and that crime involves or touches the person's office or employment, the record of that conviction is not subject to expungement.
>
> [Sponsor's Statement, No. 1337.]

Ultimately, we must decide whether the Legislature intended the phrase, "*and any conspiracy or attempt to commit such a crime,*" *N.J.S.A.* 2C:52–2b, to apply only to public office holders who commit crimes involving or touching their office or to private citizens as well. P.A.F. argues that the language of paragraph three only bars expungement to those who have committed crimes while in public office or employment, not "private citizens" who were accomplices to those crimes. He observes that, unlike the first and second paragraphs of *N.J.S.A.* 2C:52–2b, the third paragraph prohibits expungement for certain classes of persons as opposed to certain types of crimes. In that regard, he sees the

focus as being on the person who held and breached a position of public trust, not on any specific crime committed by that person. The State, in oral argument before this Court, graciously acknowledged that P.A.F.'s interpretation of the statute is not unreasonable. The State expressed that it would be satisfied with guidance from this Court that will settle this issue.

The third paragraph of *N.J.S.A.* 2C:52-2b is an exception to the general rule permitting expungement of criminal records of first-time offenders. That exception should be construed narrowly in accordance with the overall objective of *N.J.S.A.* 2C:52-2a to provide expungement to first-time criminal offenders and, therefore, we are not inclined to expand the class of persons who are ineligible for an expungement absent a clear statutory expression. Although there may be more than one permissible interpretation of the paragraph at issue, we conclude that the more reasonable interpretation is that the expungement bar does not extend to private citizens who aid and abet public office holders in the commission of crimes involving or touching their offices.

## III.

P.A.F. should not have been denied an expungement of his criminal record because he held no public office when he was convicted of aiding and abetting misconduct in office. Accordingly, we reverse the judgment of the Appellate Division and remand to the trial court for proceedings consistent with this opinion.

*For reversing and remanding*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI, and ALBIN—7.

*Opposed*—None.